THE STATE v. McCOURTNEY, and others.

The name of the prosecutor must be endorsed on an indictment for a riot, before the bill is returned by the grand jury.

Error to the circuit court of Franklin county.

*Brickey for the State.*

SEPT. TERM.
1840.

The State,
v.
McCourtney
and others.

1. Is not this indictment good in form and substance?

2. Did not the circuit court err in sustaining the motion of the defendant and in quashing the indictment?

3. The court erred in overruling the motion made on behalf of the State to permit a prosecutor to be endorsed upon said indictment, (before the defendants motion was decided,) if a prosecutor in such case should be considered necessary under the statute. Digest 202, sec. 6–7–8; 4 Blk. Com. 146; Digest 481, sec. 22, 23; 3 vol. Mo. Rep. 125, (State vs. Wilson.) 3 Bac. Ab'r. R. 574.

*Opinion of the Court by Napton Judge.*

Julius Emmons, Sanford Whitworth, James McCourtney, and seven others, were indicted by the grand jury of Jefferson county at the June term 1839. The indictment contained three counts. The first count charged that defendants, with others, on &c., at &c., "unlawfully, riotously, and routously did assemble and gather together, with intent to disturb the peace of the people there being, and being so assembled with the intent aforesaid, upon the body of one James Pepper, in the place then and there being, unlawfully, riotously and routously did make an ssault, and him the said James Pepper then and there unlawfully, &c., did beat, bruise, wound and ill-treat, and other wrongs, &c."

The second count charges that defendants on &c., at &c., "unlawfully did assemble with intent to do an unlawful act with violence, that is to say, to beat, bruise and ill-treat one Asa Scott, and to the terror of the people of the state, then and there being, and being so assembled with the intent aforesaid, unlawfully and with violence, upon the body of the said Scott, then and there did make an assault, &c., to the terror of the people, &c."

The third count charges the same offence with some immaterial variations.

SEPT. TERM.
1840.

The State
v.
McCourtney
and others.

A change of venue was awarded to Franklin county, where the defendants appeared and moved to quash the indictment, because no prosecutor was endorsed. This motion was sustained, and the state brings the case here by writ of error.

By the bill of exceptions it appears that the attorney for the state, on the hearing of the motion to quash, moved the court for leave to permit the prosecutor to endorse his name, as such, on the indictment. This motion was overruled by the court, and exceptions duly taken.

The name of the prosecutor must be endorsed on an indictment for a riot, before the bill is returned by the grand jury.

The 22nd section of the 3rd article of the act concerning practice and proceedings in criminal cases provides, that "no indictment for any trespass against the person or property of another, not amounting to felony, shall be prefered, unless the name of a prosecutor is endorsed as such thereon, except where the same is preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty, in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand jury."

The 24th section of the same chapter says, "if any indictment so endorsed, shall be returned by the grand jury, 'not a true bill,' the prosecutor shall be adjudged to pay the costs."

From this last section it might well be infered, that after the indictment was found by a grand jury to be a true bill, the responsibility of the prosecutor ceases. It seems very reasonable that when the public officers of the state have endorsed the charge, by this deliberate act the party aggrieved should be relieved from further liability. But the 8th section of the 7th art. of the same act declares, that "if upon the trial of any indictment, whereon the name of a prosecutor is endorsed as such, according to law, the jury shall acquit the defendant, they shall determine and return, together with their verdict, whether the prosecutor or the county shall pay the costs, and the court shall render judgment accordingly." This section is a revival of the old law of 1825, and evidently contemplates the continued respon-

·sibility of the prosecutor until the jury bring in their verdict.

The question then arises whether the present indictment is such an one as requires a prosecutor. The indictment is founded on the 6th section of the 7th article of the act concerning crimes and punishments. That section provides, that if three or more persons shall assemble together with the intent, or, being assembled, shall agree mutually to assist ·one another to do any unlawful act, with force or violence, against the person or property of another, or against the peace, or to the terror of the people, and shall accomplish the purpose intended. he shall be punished as specified in that act. This is nothing more nor less than a common law riot, of which three kinds are specified: First, unlawful and forcible acts against the person or property of another: Second, Unlawful and violent acts against the peace, merely: And third, Such acts committed to the terror of the people. If these two last species can exist without the first, then there might be an indictment for a riot which would not come within the terms of the 22d section of the third article of the act concerning practice and proceedings in criminal cases. But the indictment charges both a breach of the peace, and unlawful violence against the person. It has been urged that inasmuch as the breach of the peace is the gist of the offence, the statute requiring a prosecutor is not applicable. But the same may be said of assault and batteries, which are clearly within its provision. A public prosecution is in no instance aimed to punish the private wrong sustained, but to assert the majesty of the offended law, and protect the peace of society. Assaults and batteries are as much breaches of the peace as riots, though the latter are of an aggravated character, and the aggravation of the offence consists merely in the increased number engaged.

But if the act concerning the endorsement of prosecutors has no applicability to the indictment, to what indictments will it apply, since the jurisdiction of assaults and batteries has been taken from the circuit courts? And even before these offences were made solely cognizable by justices, what

SEPT. TERM
1840.

The State
v
McCourtney
and others

offence *against the property* of another was indictable unless some such one as is described in the indictment?

The court did not in my opinion err in quashing the indictment.

But the attorney for the State, pending the motion to quash, moved for leave to have the prosecutors name endorsed. The statute requires this endorsement to be made before the bill is found, it is consequently a part of the indictment, and must appear on the back of the indictment, as well as the endorsement of the foreman of the grand jury that the same is a true bill. This defect could not be amended. Our act of amendments does not apply to criminal proceedings, and the accused is entitled to the benefit of the law, however technical or unnecessary it may seem.

For these reasons the judgment of the circuit court should in my opinion be affirmed.