9 685
79a 226

STATE OF MISSOURI vs. MOLES, IMPLEADED WITH FORSYTH.

A prosecutor is not necessary on an indictment upon the 15th section, 7th article, act concerning crimes and punishments, R. C. 1835, for disturbing the peace of a family by loud noises, &c., in the night—that not being a trespass either to the person or property of any one.

APPEAL from Franklin Circuit Court.

McBride, J., delivered the opinion of the Court.

Moles was indicted at the April term, 1844, of the Franklin circuit court, for disturbing a family in the night time. The defendant appeared by his attorney, and moved the court to quash the indictment, because "the name of a prosecutor is not endorsed on said indictment; neither does it appear from any statement made at the end of the indictment, that said indictment was preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer in the necessary discharge of his duty." The court sustained the motion, and the State appealed to this court.

This indictment is founded upon the 15th sec., VII art. of "an act concerning crimes and their punishment," R. C. 204, which provides that "if any person or persons shall, in the night time, wilfully disturb the peace of any neighborhood, or of any family, by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, quarrelling, challenging, or fighting, every person so offending shall, upon conviction, be adjudged guilty of a misdemeanor, and be punished," &c.

The motion of the defendant is based on the 22d sec., III art. of "an act to regulate proceedings in criminal cases," R. C. 481, which provides that "no indictment for any trespass against the person or property of another, not amounting to a felony, shall be preferred, unless the name of a prosecutor is endorsed as such thereon, except where the same is preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty; in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand jury."

It is supposed that the question presented in this case, was decided by this court in the case of the State vs. McCourtney and others, 6 Mo. Rep. 649; but by a careful examination of that case, it will be found that instead of sustaining the action of the circuit court in quashing the indictment, it shows that there is no necessity for a prosecutor to be endorsed thereon. That was an indictment charging the defendants under the 6th section of the 3rd article of the act first referred to, with having unlawfully, riotously and routously, made an assault and beat one James Pepper, &c.; and the court say "this is nothing more nor less than a common law riot, of which three kinds are specified :

"1. Unlawful and forcible acts against the person or property of another. 2. Unlawful and violent acts against the peace merely. 3. Such acts committed to the terror of the people." If these two last species can exist without the first; then there might be an indictment for a riot, which would not come within the terms of the 22d section of the third article of the act concerning practice and proceedings in criminal cases."

If the charge in the indictment constitutes a trespass against the person or property of another, then the party aggrieved is entitled to his civil action against the defendant, for the damages he may have sustained by reason of such trespass. But I apprehend that in this case it would be extremely difficult for the party aggrieved, to maintain such action. The charge in the indictment is that the defendants, in the night time, by loud and offensive cursing, and profane swearing, threatening and quarreling with, and challenging to fight one Gideon Eastwood, in the presence and hearing of the family of William Eastwood, their peace and quiet was disturbed," &c. No trespass on the person or property of William Eastwood, or his family, is embraced in this charge, as was charged in the indictment against McCourtney and others, who were clearly liable to an action by Pepper.

We think the circuit court committed error in quashing the indictment.

The other Judges concurring herein, its judgment is therefore reversed, and the cause remanded for further proceedings in that court.