THE STATE, Respondent, v. ALLEN, Appellant.

1. Where a justice of the peace is indicted for misdemeanor in office, it is not necessary that the prosecutor's name should be endorsed on the indictment.
2. Whether a justice of the peace, in improperly issuing a warrant for the arrest of an individual, did the same *maliciously*, is a question for the jury.

### Appeal from St. Louis Criminal Court.

The defendant, Allen, a justice of the peace, was indicted for misdemeanor in office, in maliciously and without just cause issuing a warrant for the arrest of one Myers. No one's name was endorsed on the indictment as prosecutor. It is not necessary to set forth the instructions given by the court. The question of malice was put to the jury very fairly and favorably to defendant.

*U. Wright*, for appellant.

*H. A. Clover*, for the State.

SCOTT, Judge, delivered the opinion of the court.

We see no error in this record. There was no necessity for a prosecutor. This was an indictment for a misdemeanor in office. The 22d section of the 3d article of the act concerning "Practice and Proceedings in Criminal Cases," prescribes that no indictment for any trespass against the person or property of another, not amounting to felony, or for the first offence of petit larceny, shall be preferred, unless the name of a prosecutor is endorsed thereon, as such. If the offence of which the defendant is accused is a trespass, it will be difficult to specify one in the code which may not be termed a trespass. That an individual may have been unjustly oppressed by the crime, does not the less make it a misdemeanor in office? The offence for which a prosecutor is required, is to be determined from the face of the indictment and not from the evidence on the trial.

As to the error assigned, that a new trial was refused, we may remark that there is nothing in this. Whether there was

malice in the accused or not, was a question for the jury; and they having found the fact, and the court below having refused a new trial, on no ground can we interfere.

The other judges concur, and the judgment is affirmed.