THE STATE, Defendant in Error, v. DICKERSON, Plaintiff in. Error.

24 365
31a 307

1. In an indictment for obstructing and resisting a constable in the execution of process—a writ of execution which is set forth in the indictment—it is not necessary to allege that a judgment was rendered upon which said writ of execution issued.

*Error to Moniteau Circuit Court.*

G. T. *White*, for plaintiff in error.
*Ewing*, (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for unlawfully, knowingly and wilfully obstructing, resisting and opposing a constable in the service and execution, and in the attempt to serve and execute

24—VOL. XXIV.

and levy a writ of execution, to the constable directed, commanding him to levy the same of the goods and chattels of one E. Whitman, in order to make the sum of seventeen dollars and twelve cents, besides costs, which one David E. G. Rollins had recovered in a judgment against said Whitman, before one J. H. McClure, a justice of the peace in Walker township, in Moniteau county. The execution is set forth in the indictment, and the various renewals thereon endorsed properly averred to have been made by the different successors of the original justice of the peace—J. H. McClure. The defendant moved to quash the indictment, which motion was denied; he pleaded not guilty; a trial was had; the defendant was convicted and fined five dollars. He moved in arrest of judgment, which motion being overruled, he excepted, and brings the case here by writ of error. The points raised for our decision all depend upon the sufficiency of the indictment.

The indictment being very long, will not be inserted in this opinion; but we will notice the various objections made to it. The first objection is, that the pleader has omitted to state that there was any judgment ever had and rendered before any competent court on which the writ of execution in this indictment set forth was issued. The execution is set forth, and the only mention made of any judgment is that recited in the writ; but there is no averment of any judgment to enforce the satisfaction of which the execution set forth in the indictment at first emanated. We do not think this objection well taken. We think it sufficient that an execution was in the hands of the officer—the constable—which justified him in acting as therein required; and that therefore to resist an officer thus acting was an offence within the statute. The indictment sets forth a formal execution, and avers it was placed in the hands of Green B. Hill, the acting constable of the township in the county of Moniteau, and that the defendant did knowingly, wilfully and unlawfully obstruct, resist and oppose the said Green B. Hill, so being constable of said township, and a ministerial officer as aforesaid, in the service and execution and in the attempt to

serve and execute and levy said execution in the discharge of his duty as such constable and ministerial officer, by then, to-wit, on the 25th day of February, and there unlawfully, knowingly and wilfully, with force and violence, taking said goods and chattels (the goods, &c., levied on by the constable as previously averred) from the custody and possession of the said Green B. Hill, constable and ministerial officer as aforesaid, and carrying them away against the will of the said constable.

The second objection is in relation to the discrepancy of the christian name of one of the justices who is alleged to have renewed the execution. In stating by whom the execution was renewed, the indictment charges that V. Vannoy was the successor of the justice who rendered the judgment, and then proceeds to state that the said *Nathaniel* Vannoy renewed the execution. This is sufficient, as it appears that the person who succeeded the original justice of the peace is the person who renewed the execution, and the discrepancy in his christian name here does not vitiate the indictment.

There is no force in the third objection, which relates to the omission to charge that the constable returned the execution not satisfied before the several renewals of it as alleged in the indictment. It is not necessary to the validity of the renewal that there should be a return upon it of "no goods." "If any execution be not satisfied, it may, at the request of the plaintiff, be renewed from time to time by the justice issuing the same, or the justice to whom his docket is transferred, by an endorsement thereon to that effect, signed by him, and dated when the same shall be made," &c. (R. C. 1845, p. 661, tit. Justices' Courts, § 7.)

These three objections are the principal defects relied upon for arrest of this judgment below. We consider them of no force. The fourth objection is without weight; the indictment properly charges that the renewals of the execution were made by the persons, the successors respectively of the justices who had previously acted in the premises. The fifth objection, in

regard to the venue, is also without force. Walker township is averred to be in Moniteau county, and these various acts of renewals and the resistance and obstructions of the defendant being charged to have been committed in Walker township is sufficient; the county of Moniteau need not be again added thereto or repeated.

The sixth objection is equally futile. The indictment is good and sufficient. It is not double. It may contain several allegations charging the acts done by the defendant. He may resist, obstruct and oppose; he may take and carry off from the possession of the constable the property levied on, and this may be averred as showing the manner that the resistance and obstruction occurred.

The seventh objection is in regard to the want of a prosecutor's name endorsed on the indictment, and, like the other objections already disposed of, is without force. This indictment is not for a trespass against the person or property of another, nor is it for the first offence of petit larceny, as pointed out in section 22, article 3, Practice and Proceedings in Criminal Cases. (R. C. 1845, p. 866.) This is for a much higher offence. It is an offence against the administration of justice. It deserves a heavier punishment than a mere trespass to property or person. The law has pointed out the mode of carrying on the public justice of the country; officers are elected or appointed to execute the judgments of our courts, and they are clothed with certain power and authority, and they are required to perform certain duties. The person then who obstructs or resists such officer in performing his duty rises up against the power of the state, and should be punished for his crime, not like a mere trespasser on the rights of another person or on his property, but as one who disregards the well-being and good of the government of his state.

In looking over the record of this conviction we find nothing requiring our interference. The judgment below is therefore affirmed; the other judges concurring.