STATE OF MISSOURI, Respondent, v. DANIEL HUIATT, Appellant.

### Kansas City Court of Appeals, May 23, 1888.

1. CRIMINAL LAW—PROSECUTION UNDER INFORMATION, ETC.—COSTS—CONSTRUCTION OF SECTION 1768, REVISED STATUTES — CASE ADJUDGED.—Under section 1768, Revised Statutes, the prosecuting witness is made liable for the costs in the event of an acquittal only in cases "in which, by law, an indictment is required to be indorsed by a prosecutor." The instance in which such indorsement is required is that of indictment for any trespass against the person or property of another not amounting to felony ; the prosecution, in this case, is not of this character.

2. ——— ——— SECTION 2095, REVISED STATUTES.—Section 2095, Revised Statutes, which prescribes that every person who shall institute any prosecution to recover a fine, penalty, or forfeiture shall be adjudged to pay costs, if the defendant be acquitted, etc., has no application here.    An indictment against an officer such as a justice of the peace and constable, for an offence in the administration of justice, need not be indorsed with the name of a prosecutor.    The policy of the law, in the case of a personal grievance, is not applicable to public officers.

APPEAL from Holt Circuit Court, HON. C. A. ANTHONY, Judge.

*Reversed.*

The case is stated in the opinion.

SAMUEL O'FALLON, for the appellant.

I. The prosecuting witness is not liable for costs, when the prosecution fails, from any cause, unless the offence charged is a trespass against the person or property of another. Rev. Stat., secs. 1768, 1800 ; Appendix to Kelley's Crim. Law [1880] sec. 279. p. 124. Had this prosecution been by indictment, no prosecutor would have been necessary, and in misdemeanor cases when the indictment is not required to be endorsed by a prosecutor, the county is liable for costs. And the same rule applies to informations. Rev. Stat., secs. 1768, 1800, 2095 ; State v. Allen, 22 Mo. 318 ; Appendix to Kelley's Crim. Law, sec. 27 ; Kelley's Crim. Law, sec. 158.

II. The statute relating to costs should be strictly construed and unless the witness was liable under the statute, the court had no authority to adjudge the costs against him. The court may have the power to tax costs at discretion on continuances, etc., but when the defendant is acquitted the cost is determined by statute. Section 2096 has reference to fines, penalties and forfeitures, under statutes not strictly of a criminal character and does not apply to this class of cases. Appendix to Kelley's Crim. Law, sec. 279, p. 125 ; State v. Louelle, 78 Mo. 104.

III. There are three modes of procedure in criminal cases of this class—by indictment, information in the circuit court, and information before a justice of the peace. There can be no question, that had this prosecution been by indictment, no prosecutor would have been required, and when the prosecution failed the county would have been liable for the costs, and had it been by information before a justice, the prosecuting witness could not have been liable for costs unless the prosecution was found to have been malicious. The legislature certainly intended to make liability for costs in criminal cases uniform under each mode of procedure ; the prosecuting witness under each is liable in cases of trespass against

the person or property of another, except petit larceny ; and in no other case is he liable.     In all offences of a public nature, the state or county is liable for all costs.

T. C. DUNCAN and H. T. ALKIRE, for the respondent.

I.     The sole point presented for the decision of this court in this case is, whether a prosecuting witness in a case instituted in the circuit court by information based upon an affidavit of such prosecuting witness filed with the circuit clerk, is liable for the costs accruing in such cause where the defendant is acquitted.

II.     There are two methods of instituting prosecutions for misdemeanors in the circuit court :  (1) By indictment of a grand jury ; (2) by information verified by prosecuting attorney ; or, some person competent to testify as a witness in the case ; or by information supported by the affidavit of a person competent to testify as a witness in the case.     Rev. Stat., secs. 1761, 1762.

III.     Prosecutions for misdemeanors instituted by indictment are governed by the general law concerning indictments, and costs must be taxed and adjudged under the provisions thereof.     Rev. Stat., secs. 1800, 2092, 2101.

IV.     Prosecutions for misdemeanors instituted by information are governed by the information act, and costs must be taxed and adjudged under the specific provisions thereof when the same are sufficiently explicit and clear.     Rev. Stat., art. 14, sec. 1768.

V.     The prosecuting witness, if there be one, is liable for all costs in the case when the prosecution fails from any cause, or when the defendant shall be acquitted, unless the same or some part thereof has already been otherwise adjudged by the court.     Rev. Stat., sec. 1768 : *State v. Brigham*, 63 Mo. 258 ; *State ex rel. v. Holladay*, 67 Mo. 299 ; *State v. Lavelle*, 78 Mo. 104.

VI.     In no case is the endorsement of a prosecutor on an information necessary, not even for trespass against person or property under section 1800, Revised Statutes.

VII. Under section 2095, Revised Statutes, the county in this case is within the exception of that section.

VIII. The defendant is the prosecuting witness under section 1768, Revised Statutes, and is liable to pay costs under it. Rev. Stat., sec. 2101.

IX. And the circuit court did not err in sustaining the motion and entering a *nunc pro tunc* order and judgment against said prosecuting witness for the costs in said cause, the facts alleged in the motion being admitted as true and of record in said cause.

X. A prosecuting witness and a prosecutor are not necessarily one and the same person in the law ; although a prosecuting witness may become and be deemed a prosecutor. A distinction is almost invariably made and kept up, throughout the Revised Statutes of 1879 and the acts amendatory thereto. Rev. Stat., secs. 1768, 1800, 1801, 2095, 2098, 2099, 2100, 2101.

XI. The laws, as originally passed in relation to prosecution of misdemeanors before justices of the peace and the acts amendatory thereto, and the provisions thereof, as to costs, prosecuting witnesses or prosecutors, have nothing whatever to do with the case at bar.

PHILIPS, P. J.—In May, 1881, William A. Gardner filed with the clerk of the Holt circuit court an affidavit, charging that Daniel Huiatt *et al.*, justices of the county court of that county, had unlawfully and corruptly granted and issued to one Kyger a dram-shop license, without the necessary petition therefor. On this affidavit the prosecuting attorney of the county filed an information against said justices for such offence. On trial defendants were acquitted ; and the circuit court has since assessed the costs of this prosecution against said Gardner as the prosecutor, and rendered judgment accordingly.

The single question presented by this record, necessary to be decided, is, whether or not Gardner, by making such affidavit, became liable for the costs of the prosecution in the event of the acquittal of the accused.

It seems to be conceded by respondent that the authority for the action of the court is based upon section 1768, Revised Statutes, which declares that: " When the information is based on an affidavit filed with the clerk, or delivered to the prosecuting attorney, etc., the person who made such affidavit shall be deemed the prosecuting witness, and in all cases in which, by law, an indictment is required to be indorsed by a prosecutor, the person who makes the affidavit upon which the information is based, or who verifies the information, shall be deemed the prosecutor ; and in case the prosecution shall fail from any cause, or the defendant shall be acquitted, such prosecuting witness shall be liable for the costs in the case, not otherwise adjudged by the court; but the prosecuting attorney shall not be liable for costs in any case."

It is to be observed and kept in mind that while this section makes the prosecuting witness liable for the costs in the event of an acquittal, it is only in cases in " which, by law, an indictment is required to be indorsed by a prosecutor." The instance in which an indictment is required to be indorsed with the name of the prosecutor is section 1800, Revised Statutes, which declares that an indictment for any trespass against the person or property of another, not amounting to a felony, except for petit larceny, shall be indorsed with the name of the prosecutor. The prosecution in question not being for any trespass against the person or property of the informer Gardner, had it been instituted by indictment, the name of the prosecutor would not have been required to be indorsed on it. As the above section is the only instance in which the name of the informer is required to be indorsed, applicable to this case, we fail to find any warrant for the action of the circuit court in assessing the costs against Gardner.

Section 2095, Revised Statutes, which prescribes that every person who shall institute any prosecution to recover a fine, penalty, or forfeiture, shall be adjudged to pay costs, if the defendant be acquitted, etc., has no application to this case. *State v. Lavelle*, 88 Mo. 104. It has been held directly that an indictment against an officer, such as a justice of the peace and constable, for an offence in the administration of justice, need not be indorsed with the name of a prosecutor. *State v. Dickerson*, 24 Mo. 368; *State v. Allen*, 22 Mo. 318. The character of the offence charged in this case against such important judicial officers as justices of the county court, in the administration of justice, so much concerns the public welfare that it is to be presumed, when the prosecuting attorney for the county lends his name to the prosecution by information, the legislature did not intend to lay the burden upon the informer of paying the costs in case of failure of prosecution. And as the informer, presumably, would be actuated in such instance only by a sense of duty to the public welfare, the policy of the law in making him responsible for the costs, as in the case of a personal grievance, does not exist.

The other judges concurring, the judgment of the circuit court is reversed.