THE STATE *ex rel.* AUGUST KLEINSORGE, Appellant, v. LOUIS BANTE, Respondent.

St Louis Court of Appeals, February 19, 1889.

Criminal Law: COSTS. In the case of an information for misdemeanor filed with a justice of the peace by the prosecuting attorney and verified by the affidavit of a private person, if the defendant be acquitted, the maker of the affidavit will be liable for the costs of the proceeding.

*Appeal from the St. Louis County Circuit Court.*—HON. WILLIAM W. EDWARDS, Judge.

AFFIRMED.

*D. C. Taylor*, for the appellant.

The information in this case was unquestionably filed by the prosecuting attorney upon his own knowledge, and not upon a complaint made by the injured party and deposited with him, or filed with the justice of the peace, as is required by section 2026 of the Revised Statutes of 1879, as amended by the acts of 1885, (see Acts 1885, p. 145,) and though the appellant, Aug. Kleinsorge, has, in the record, been improperly called the "prosecuting witness," it does not make him such in fact, for there is no foundation, whatever, for it. The verification of the information of the prosecuting attorney by appellant was simply surplusage at most, and could not be said in any manner to transform it into a complaint filed by the injured party upon which the prosecuting attorney is to file his information accompanied therewith. The motion to quash the execution should have been sustained for the reason that there was neither complaint nor information filed in said cause, upon which a prosecution and conviction could have been sustained. *State v. Shaw*, 26 Mo. App. 383 ; *State v. Hayward*, 83 Mo. 299.

*John R. Warfield*, for the respondent.

It is submitted, that judgment was properly entered against appellant in the court below. (1) Because the prosecution was instituted by appellant to recover a fine or penalty. R. S., sec. 2096. (2) Because the prosecution was for a trespass against the property of appellant, not amounting to a felony. R. S., sec.

1766; R. S., sec. 1800. (3) Because the prosecution for such trespass was instituted at the instance of appellant as the injured party, and was supported by his affidavit. Acts 1885, p. 145 ; R. S., sec. 1768 ; R. S., sec. 1800 ; R. S., sec. 2101. The information in this case was not filed by the prosecuting attorney upon his own knowledge, as contended by appellant's counsel. There is nothing in the information in question to indicate that it was intended to be filed by the prosecuting attorney of his own motion. His signature is no such indication, as under the law he is required so sign all informations. No motion to set aside the judgment, or for a retaxation of costs, was made in the court below, and for this reason, if no other, the motion to quash the execution was properly overruled.

ROMBAUER, P. J., delivered the opinion of the court.

The appeal in this case grows out of a prosecution for a misdemeanor, brought before a justice of the peace, wherein, upon information of the prosecuting attorney, *verified by the affidavit of the appellant,* the defendant, Louis Bante, was charged under section 1364, Revised Statutes, with unlawfully removing a certain corner stone, which marked the boundary line between Bante and appellant.

At the trial before the justice the defendant was convicted, but upon trial anew in the circuit court, upon appeal, he was acquitted. The court thereupon entered judgment for costs against Kleinsorge the appellant, as prosecuting witness, and execution was issued accordingly.

The appellant filed a motion to quash the execution, which the court overruled ; hence this appeal.

The error assigned is that the court erred in adjudging the costs against the appellant and refusing to quash the execution against him.

The case is determined by the following statutory provisions :

(R. S., sec. 1800.)   No indictment for any trespass against the person or property of another, not amounting to a felony, except petit larceny, shall be preferred unless the name of a prosecutor, as such, is endorsed thereon.   *   *   *

(*Ib.*, sec. 1768.)   In all cases in which by law, an indictment is required to be endorsed by a prosecutor, the person who makes the affidavit upon which the information is based, *or* who verified the information, shall be deemed a prosecutor, and in case the prosecution *shall fail from any cause* or the defendant shall be acquitted, such prosecuting witness shall be liable for the costs in the case not otherwise adjudged by the court.

(Laws 1885, page 146.)   When the proceedings are prosecuted before any justice of the peace, at the instance of the injured party, for any trespass against the person or property of another, except for petit larceny, the name of such injured party shall be entered by the justice on his docket as prosecutor, and if the defendant shall be discharged or acquitted, such prosecutor shall be adjudged to pay the costs not otherwise adjudged.   *   *   *

In the case at bar, the appellant verified the information, and his name was entered upon the justice's docket as a prosecuting witness. He was, therefore, liable for the costs, if the defendant was acquitted, or the prosecution *failed from any cause.* These facts dispose, adversely to appellant, of his complaint that the costs were erroneously adjudged against him, because the information was filed by the prosecuting attorney upon his own knowledge, and the information was not in form authorized by statute. The appellant was liable under the statute notwithstanding these facts, for all costs not otherwise adjudged.

All the judges concurring, the judgment is affirmed.