THE STATE OF MISSOURI, Plaintiff; REBECCA BARKER, Prosecuting Witness, Appellant. v. ISAAC SHAW, Respondent.

Kansas City Court of Appeals, May 11, 1891.

Married Women: CRIMINAL COSTS. A married woman who becomes a prosecuting witness is liable for costs, and a judgment may be rendered against her as provided by the statute.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Shelton & Dysart* and *Smoot & Pettingill*, for appellant.

(1) A general judgment against a married woman, before the adoption of the present statute, was void. *Alexander v. Lydic*, 80 Mo. 341; *Long v. Cockrell*, 55 Mo. 93. A judgment against her for costs is void. *Snell v. Harrison*, 83 Mo. 651. (2) A final judgment rendered against a married woman may be set aside at any subsequent term after final judgment by motion supported by testimony. *Latshaw v. McNees*, 50 Mo. 381; *Ex parte Gray*, 77 Mo. 160; *Craig v. Smith*, 65 Mo. 536.

*T. C. Tatlock*, Prosecuting Attorney, and *Edward Higbee*, for respondent.

(1) If a married woman can sue alone, her privilege is accompanied with the usual burdens, and she is liable for costs. *Leonard v. Townsand*, 26 Calf. 435; *Moncrief v. Ward*, 16 Abb. Pr. (N. Y.) 354 n. As a married woman can commence a criminal proceeding, that is, make herself a prosecuting witness, she becomes responsible for costs. There are no exceptions in section 4358, or elsewhere in the criminal code, exempting

her from this burden. ( 2 ) A married woman is liable at law for her torts, *e. g.*, malicious prosecution, assaults, batteries, trespasses, slanders, libels, and all other torts and wrongs committed by her, unless done under compulsion of her husband, and this must be pleaded as a defense. 2 Cord's Rights of Married Women, [ 2 Ed. ] secs. 1148 a, 1150, 1155, pp. 409, 410, 411. " In these cases the judgment and the execution run against both husband and wife, and at common law the bodies of both might be taken under it." *Merrill v. City of St. Louis*, 12 Mo. App. 466, *loc. cit.* 474. Under such a judgment the wife's separate property may be taken in execution. *Merrill v. City of St. Louis*, 83 Mo. 245, 252, 253.

ELLISON, J.—Rebecca Barker, a married woman, was the injured party who made complaint and became prosecuting witness in the case of State v. Isaac Shaw. On appeal to the circuit court, Shaw was discharged, and the costs were adjudged against Mrs. Barker under section 4358, Revised Statutes, 1889, from which judgment she has appealed.

The question for decision is whether a valid judgment can be rendered against a married woman under the statute aforesaid. Our opinion is that it can. A married woman may be proceeded against civilly for her torts, and judgments ( which of course include costs) against her in such cases are valid. *Merrill v. City of St. Louis*, 83 Mo. 244. While that case may not be fully in point on the question before us, it is very persuasive in favor of our position. The statute makes no exception, and as a married woman is undoubtedly a competent party to make complaint and become a prosecuting witness we think judgment should go against her as provided by the statute. We have examined authorities cited by appellant, but do not deem them applicable, in the view we take of the question presented.

The judgment is affirmed. All concur.