DAVID E. COWAN et al., Petitioners, v. THOMAS M.
JONES et al., Respondents.

St. Louis Court of Appeals, February 21, 1899.

Mandamus: PROSECUTION FOR LIBEL: LIABILITY FOR COSTS. A trespass against the person or property of another belongs to a different species from that which includes defamation of character; held, that the county and not the individual injured, is liable for the costs of a prosecution for libel which fails on account of the death of the party charged.

*Petition for Mandamus to the Judge of the Phelps Circuit Court and Prosecuting Attorney of said County.*

PEREMPTORY WRIT OF MANDAMUS AWARDED.

THOMAS M. JONES for respondents.

Libel is an injury to a person in this, that it is defined to be a malicious defamation of a person either by printing, writing, sign or pictures in order to provoke him to wrath, expose him to public hatred, contempt and ridicule. 4 Blackstone Com. 150; Anderson's Law Dic., p. 617; Giles v. State, 6 Ga. 283; 1 Kent Com., pp. 620 and 621; R. S. 1889, sec. 3869. Trespass is defined to be in its largest and most extensive sense, any transgression or offense against the law of nature, of society or of the country in which we live; whether it relates to a man's person or to his property. And in general any misfeasance or act of one man whereby another is injuriously treated and damnified, it is transgression or trespass in its largest sense. The act of one who trespasses or offends is an injury or wrong done to another; an offense against or violation of some law or rule laid down. 3 Blackstone Comment., chap. 8; Anderson's Law Dic.,p. 1053, and cases cited in note. It follows the foregoing that libel is a species of trespass. The prosecution in the case at bar therefore, was for a trespass against the person of the prosecuting witness. The prosecuting witness for any trespass against his person or property, is liable for the costs in case the prosecution fails from any cause. R. S. 1889, secs. 4095, 4063, 4058, 4057, 4404; State v. Huiatt, 31 Mo. App. 302; State ex rel. v. Bante, 34 Mo. App. 311.

E. Y. MITCHELL for petitioners.

The sole contention made by respondent in this case is one of law and involves the construction of section 4095 of the

Revised Statutes of 1889.    They contend that libel is a trespass on the person of another; this is denied by plaintiffs, who contend that trespass mentioned in the statute must be by force and violence against the person of another, in other words *vi et armis* and not trespass on the case; that to come within the statute, *supra*, the trespass must be indictable for an assault and personal violence of another, this proposition is too obvious to require any citation of authorities.    In the case of State v. Lavelle, 74 Mo. 104, is *obiter dictum* and is not in point, it was decided under statute long since repealed, to wit: Statutes of 1870, amended in 1877, see Wagoner Statutes, page 281, section 12, title, breach of the peace, which reads as follows: Whenever proceedings are commenced under the provisions of this chapter on the information or complaint of the injured party his name shall be entered by the justice on the docket as prosecutor, and if the defendant is discharged or acquitted he shall be adjudged to pay the costs, and in other cases the county shall pay the cost.    The supreme court has decided, 9 Mo. 694, that disturbing the peace of a family is not within this statute.

BOND, J.—An information charging W. J. Powell with criminal libel of Joseph Campbell, and verified by him was filed in the circuit court of Phelps county by its prosecuting attorney.    Upon a trial of the information said Powell was convicted, and appealed to this court, where the conviction was set aside and the cause remanded (66 Mo. App. 598). Before the case could be again tried in the circuit court of Phelps county the defendant died, and it was dismissed; thereupon a proper fee bill for costs in said cause was delivered to the defendant Jones as prosecuting attorney, which both he and defendant Woodside, circuit judge of a district including Phelps county, refused to sign and certify as a charge against said county.    The parties entitled to the fee bill petitioned this court for a mandamus compelling defendants to "sign and deliver" the aforesaid fee bill.    An alternative writ was

awarded; defendants waived its issuance, and set up the fore-going facts in their return as an excuse for failing to comply with the writ. Relators demurred and moved for a per-emptory writ on the allegations of the return.

This presents the question of the application of Revised Statutes of 1889, sections 4095 and 4063, to a prosecution for libel. The first of these sections provides, to wit: "No indictment for any trespass against the person or property of another * * * shall be preferred unless the name of a prosecutor is indorsed as such thereon. * * * If the defendant be acquitted or the prosecution fails, judgment shall be entered against such prosecutor for the costs." The next section merely applies the rule above stated to informations upon affidavits by making the affiant a prosecuting witness and prose-cutor "in all cases in which by law an indictment is required to be indorsed by a prosecutor," and charging him as such for costs "in case the prosecution should fail from any cause, or the defendant shall be acquitted." It is perfectly evident therefore that unless the charge in the information under review belongs to the class of offenses wherein the prosecutor is made liable for costs under section 4095, he is not liable under section 4063. The former section authorizes judgment against the prosecutor only when the charge is "trespass against the person or property of another." We have no power to extend its meaning beyond the "plain or ordinary and usual sense" of the words used. R. S., sec. 6570. So construed a tres-pass against the person or property of another belongs to a different species from that which includes defamation of char-acter, although both may be included under the genus trespass. The above statute used the word person or property in a corporeal sense, as body or material belongings, things having concrete forms. For these are the usual and ordinary characteristics of such terms, and make them the proper objects of a trespass, which is "an injury committed by one person upon another with vio-lence, actual or implied." (See Burrill's Law Dic.; State v.

COUNTY liable for costs.

Moles, 9 Mo. 685.)    Our conclusion is that under the present
statutes the county, and not the individual injured, is liable for
the costs of a prosecution for libel which fails on account of the
death of the party charged.    As the return admits the cor-
rectness of the fee bill, a peremptory writ of mandamus will
be awarded.    It is so ordered.    All concur.