STATE OF MISSOURI, Respondent, v. WOOD, Defendant; MEALS, Appellant.

St. Louis Court of Appeals, January 21, 1908.

1. **COSTS IN CRIMINAL CASES: Prosecuting Witness: Injured Party.** Under the provisions of section 4358, Revised Statutes 1899, requiring the name of the "injured party" to be entered upon the docket of the justice of the peace as the prosecutor, one who made complaint that the peace of his minor son was disturbed, was the injured party within the meaning of that section so that when a judgment was rendered against him for costs, after the acquittal of the defendant, he could appeal from the judgment.

State v. Wood.

2. ———: ———: "Trespass Against the Person or Property." The disturbance of the peace of another by loud noises unconnected with any acts of violence to the person or property of the other was not "a trespass against, the person or property of another" within the meaning of section 4358, Revised Statutes 1889, so that the prosecuting witness for such disturbance of the peace under that law was not liable for the costs on the acquittal of the defendant.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED.

*William T. Ragland* and *Frank W. McAllister* for appellant.

(1) It must be conceded that the appellant can not be held for the costs of the prosecution in this case unless his liability is fixed by some positive statute. No such liability existed at common law and the act of filing the complaint or making the affidavit on which the prosecution was based in this cause created no contractual liability. State v. Lavelle, 78 Mo. 104. And such statutes must have been in force at the time appellant filed the complaint or made the affidavit. State v. Berry, 25 Mo. 355; 11 Cyc. p. 270 and note 35. (2) Section 4399 relates to the recovery of a fine, penalty or forfeiture and has no reference to a matter of this character, a criminal prosecution by the State. State v. Huiatt, 31 Mo. App. 302. (3) Section 4063 relates only to the prosecution of misdemeanors by information in a court record, and even then "the person who makes the affidavit or verifies the information" is deemed the prosecutor only in cases in which by law an indictment must be endorsed by a prosecutor and section 4095 determines what those cases are, to-wit: "For trespasses against the person or property of another." So that even if this section was applicable to prosecutions before a justice of the peace it would not apply in

this case as this case is for the disturbance of the peace of a person.

*James P. Boyd* for respondent.

(1)    Thus the prosecutor has no right of appeal unless there is some statutory authorization.    11 Cyc. 289; State v. Rusch, 44 Wis. 582; State v. Eusign, 11 Neb. 529.    (2) In this State the only statute which gives the right of appeal is section 2699, Revised Statutes 1899, which was section 4277, Revised Statutes 1889, and this only gives the right of an appeal to defendant.    Not even the State would be allowed an appeal as provided in section 2709, Revised Statutes 1899, for the reason this cause was founded upon an information filed by the prosecuting attorney, and an appeal to the State is allowed only upon indictments; certainly the complainant who is not formal party to the record should possess no greater rights than does the State. State v. Baldwin, 79 Mo. 243.    (3) The complainant may have the right to an appeal from the taxation of costs, not in order to have the taxation of costs against him entirely annulled, but to obtain a review of the items objected to by him as not being taxable costs. State v. Powell, 44 Mo. App. 21.    (4)    Trespass in its widest sense means any transgression or offense against the law, whether relating to a man's person or his property, whereby he is injuriously treated or damnified.    Am. and Eng. Ency. Law (2 Ed.), 551.

BLAND, P. J.—Thomas O. Meals, appellant, on June 16, 1897, made and filed an affidavit before George W. Farrell, a justice of the peace in Monroe county, charging Walter Wood and Dick Combs with the offense of wilfully disturbing the peace of one Aubrey Meals, by cursing and swearing and by loud and unusual noise, by quarreling and fighting.    The prosecuting attorney of Monroe county filed an information based upon the

affidavit. The appellant indorsed this information as prosecuting witness. Walter Wood was arrested by the constable, brought before the justice of the peace and put upon his trial, which resulted in his conviction. He appealed to the circuit court, where on a trial anew he was again convicted. The verdict of the jury was set aside on his motion and a new trial granted. He was tried a second time in the circuit court and convicted, from which judgment of conviction he brought the case to this court by writ of error. This court reversed the judgment and remanded the cause for a new trial. On September 10, 1903, Woods was put upon his trial for the fourth time and was successful in his defense. On the verdict of not guilty, the court rendered a judgment against appellant as prosecuting witness for all costs, not otherwise adjudged, which had accrued in the case. The appeal is from this judgment. It is shown by the abstracts of the evidence that the person whom it is alleged was disturbed was the minor son of appellant, therefore, it may be conceded that appellant was the injured party within the meaning of section 4358, Revised Statutes 1889 (in force at the time the prosecution was instituted). [State ex rel. v. Hodges, 53 Mo. App. 532.] This section provides, in substance, that when the proceedings are prosecuted before a justice of the peace, at the instance of the injured party, for any trespass against the person or property of another, not amounting to a felony, except larceny, the name of such injured party shall be entered by the justice on his docket as the prosecutor, and if the defendant be discharged or acquitted, the costs shall be adjudged against the prosecutor. Section 4404, Revised Statutes 1899, also provides that if upon trial of *any* indictment or information (required to be indorsed by the prosecuting witness) the defendant shall be acquitted or discharged, the prosecuting witness shall be liable for costs according to law, and judgment shall be

rendered against such prosecutor for costs.    By indorsing his name on the information as prosecuting witness, under these statutes, appellant, as to costs, voluntarily made himself a party to the proceedings and like any other party to a lawsuit may appeal if judgment is rendered against him.    [State v. Lavelle, 78 Mo. 104; State v. Huiatt, 31 Mo. App. 302; State ex rel. v. Bante, 34 Mo. App. 311; State v. Shaw, 45 Mo. App. 383.]    Section 4358, supra, was amended in 1899, so as to also require the indorsement of the prosecuting witness' name upon an information filed before a justice of the peace in a criminal case for the disturbance of the peace of a person, or for libel and slander (R. S. 1899, sec. 2778).    But it is conceded that the case in hand must be determined upon the construction of the statute in force at the time the information was filed and indorsed by appellant, therefore, it only remains to determine whether the disturbance of the peace of a person is a trespass against the person whose peace is disturbed, within the meaning of section 4358, supra. In State v. Moles, 9 Mo. '685, it was held that disturbing the peace of a family by loud noises, etc., was not a trespass to the person or property of any one.    In Cowan v. Jones, 79 Mo. App. l. c. 225, this court, through BOND, J., construing section 4358, said:    "The above statute used the word person 'or property in a corporeal sense, as body or material belongings, things having concrete forms.    For these are the usual and ordinary characteristics ot such terms, and make them the proper objects of a trespass, which is 'an injury committed by one person upon another with violence, actual or implied;'" and that the court had no power to extend the meaning of the phrase "trespass against the person or property of another," beyond the plain and ordinary meaning of the phrase.    The trespass contemplated by the statute means some unlawful act connected with violence to the person or property of an-

other, or any unauthorized entry upon the realty of another to the damage thereof; it signifies injurious treatment to another whereby he is damaged; it must be some physical invasion of one's rights, a substantial and really unlawful interference with the person or property of another. The disturbance of the peace of another by loud noises, etc., is not an interference with the person or property of the person disturbed. It is not alleged that the fighting was with the person disturbed; no trespass against his person is charged in the affidavit or information, wherefore so much of the judgment as adjudged costs against appellant, is reversed. All concur.