The State ex rel. Smith v. Hodges.

It results from the foregoing that the judgment of the trial court must be reversed. So ordered. All concur.

---

THE STATE OF MISSOURI *ex rel.* T. H. SMITH *et al.*, Respondents, v. ALBERT HODGES, Appellant.

St. Louis Court of Appeals, April 4, 1893.

1. **Criminal Law**: COSTS. When an information for assault and battery upon a minor is filed by the prosecuting attorney before a justice of the peace upon the affidavit of the father of the minor, the father is, within the meaning of section 4358 of the Revised Statutes, the injured party at whose instance the proceedings were prosecuted, and is accordingly responsible for the costs not otherwise adjudged, if the accused is acquitted.

2. ——: ——. The neglect of a justice of the peace to enter the name of the prosecutor on his docket, pursuant to said section 4358, will not devolve on the county the liability for the costs.

*Appeal from the Stone Circuit Court.* —HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Albert Hodges*, for appellant.

*H. C. Cartmel*, for respondents.

ROMBAUER, P. J.—The defendant was at the date of the judgment herein the prosecuting attorney of Stone county, and appeals from a judgment of peremptory *mandamus*, requiring him to certify a fee bill of costs, accrued in the case of *State v. Torbett*, to the county court of said county for payment out of the county treasury. The error assigned is that, under the agreed facts, Stone county is not liable for the payment of said costs, but the same are taxable under the

provisions of sections 4063 and 4095 of the Revised Statutes of 1889 against W. W. Cavener as prosecuting witness.

The cause is submitted on an agreed statement of facts, the material parts of which, in disposing of the question arising for decision, are as follows: W. W. Cavener, the father of James D. Cavener, a minor about ten years of age, made affidavit in the usual form before a justice of the peace, charging John C. Torbett (a school teacher) with assault and battery upon his son, the said James. T. L. Viles, prosecuting attorney of Stone county, on the ninth day of November, 1889, filed his official information based on the affidavit made by the said W. W. Cavener. The justice of the peace entered no one on his docket as prosecutor, except that W. W. Cavener made the affidavit upon which the prosecuting attorney based his official information. John C. Torbett was tried and convicted in the justice's court, and took his appeal to the circuit court of Stone county. The venue of the cause was subsequently changed to Barry county, where the defendant was tried and acquitted. The record entry, after verdict of acquittal says nothing about costs. No effort was made to collect costs from W. W. Cavener. In May, 1891, a proper fee bill was made by the clerk against Stone county, Missouri, for the costs in said cause, and was signed by the judge of said circuit court, which bill of costs was presented to the prosecuting attorney of Stone county (the defendant herein), who refused to sign the same on the ground that the county was not liable for said costs. Thereupon the relators herein sued out a writ of *mandamus*, in the usual form, to compel defendant as prosecuting attorney to sign said fee bill. Upon the hearing of the cause the writ was made peremptory.

The question of costs in this case must be determined by the statutory provision applicable to prosecutions originating before justices of the peace, which is different from those applicable to prosecutions originating in courts of record. The question, therefore, is governed exclusively by section 4358 of the Revised Statutes of 1889, which reads:

"When the proceedings are prosecuted before any justice of the peace, at the instance of the injured party, for any trespass against the person or property of another, except for petit larceny, the name of such injured party shall be entered by the justice on his docket as prosecutor; and, if the defendant shall be discharged or acquitted, such prosecutor shall be adjudged to pay the costs not otherwise adjudged; and, in every other case of acquittal, if the justice or jury trying the case shall state in the finding that the prosecution was malicious, or without probable cause, the justice shall enter judgment for costs against the prosecutor or party at whose instance the information was filed, and shall issue execution therefor; but in no case shall the prosecuting attorney be liable for costs. In other cases of discharge or acquittal the costs shall be paid by the county, except when the prosecution is commenced by complaint, and the prosecuting attorney declines to file information based thereon, in which event the proceedings shall be dismissed at the cost of the party filing the complaint."

This section is not quite clear. If it was designed to make the prosecutor liable for costs only in such cases wherein the trespass is committed against *his* person or property, it would so state, instead of saying the person or property of *another*. The use of the word another excludes the view that the property or person must *necessarily* be that of the prosecutor, but it includes the view that it necessarily must be that of some other

person than the accused. The provision, as commissioner Philips aptly says in *State v. Lavelle*, 78 Mo. 106, is "in the nature of a penalty imposed by the criminal code for ill-advised petty prosecutions, and a means of protection to the community against burdens of taxation unnecessarily created." The injured party meant by the statute is one who prosecutes the offender, not in the sole interest of the community, but for the vindication of his own personal or property rights. A father who prosecutes a school teacher for whipping his child which is under his protection, and in contemplation of law his servant, is under a proper construction of this section the injured party. In case of a doubt arising as to the proper construction of a law, we are bound to give the benefit of the doubt to the people. The neglect of the justice to enter in his docket the name of the person who filed the information as prosecutor, cannot, in the absence of any statutory provision to that effect, impose upon the county a liability for costs.

It results from the foregoing that the judgment awarding a peremptory writ of *mandamus* must be reversed. So ordered. All concur.