## THE STATE OF MISSOURI ex rel., JESSE ENGLE, Appellant, v. JOHN W. SMITH et al., Respondents.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Justices' Court:** EXECUTION: RENEWAL: DOCKET ENTRY: JURY QUESTION. Whether a justice's execution was renewed before its expiration is a question in fact for the jury; and the indorsement of the execution is not the only evidence but the justice's docket and his testimony may be considered.

2. ———: ———: JUDGMENT: PROTECTION OF OFFICER. A justice has jurisdiction in a prosecution for misdemeanor to tax the cost against the prosecutor and an execution issued on such judgment, however erroneous, will protect the constable, who is not required to look beyond the face of this writ.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp*, Judge.

AFFIRMED.

*Lingenfelter & Hudson* for appellant.

(1) The court erred in the admission of illegal, irrelevant and incompetent evidence. It was an error for the court to permit the witness, J. A. West, justice of the peace, to testify that he changed and altered the date of the execution from the ninth day of August, 1895, to the fifth day of August, 1895. A justice of the peace has no authority to amend or alter any process of his own motion after return day. Norton v. Porter, 63 Mo. 345. Nor is a justice of the peace allowed to make *nunc pro tunc* entries, as it would be a dangerous practice. Norton v. Porter, 63 Mo. 345; People v. Delaware Common Pleas, 18 Wend. 558; Watson v. Davis, 19 Wend. 371. (2) The judgment on which the execution was issued is void for the reason that the prosecuting witness is not

liable for costs after the prosecuting attorney files information and a mistrial is had, and after the prosecuting attorney dismissed the case by postal card, as was done in this case. R. S. 1889, sec. 4358; Brown's Appeal, 69 Mo. App. 159. (3) The execution was void. A justice of the peace may renew an execution on the return day but not thereafter, though he may issue a new one. State to use v. Boettger, 39 Mo. App. 684. A void execution is no protection to the officer. Cooley on Torts, sec. 464; Howell v. Caryl, 50 Mo. App. 440.

*A. M. Tibbels, Leo. M. Phipps, A. B. Lucas, Kelso, Schooler & Kelso,* for respondents.

(1)    There was no error prejudicial to the appellant in permitting West to testify that he changed the date of the renewal from August ninth, to August fifth. Plaintiff proved the same fact by the testimony of Engle, the relator. This action was based on the theory that the renewal was actually made on the ninth of August. The only evidence that plaintiff offered on this point was the fact that the original entry of renewal bore that date. A party must recover, if at all, on the cause of action stated in his petition. Field v. Railroad, 76 Mo. 614; Bird v. Railroad, 30 Mo. App. 365, 379; Bank v. Payne, 31 Mo. App. 513; Steinberg v. Ins. Co., 49 Mo. App. 255, 265; Ensworth v. Barton, 60 Mo. 511; Clements v. Yeates, 69 Mo. 625; Waldhier v. Railroad, 71 Mo. 514; Buffington v. Railroad, 64 Mo. 246. (2)    We contend also that a justice has the right to correct a mere clerical error in the date of an execution or in an entry of the renewal thereof. 3 Blackstone's Comm., p. 24; Leonard v. Sparks, 117 Mo. 103; Norton v. Porter, 63 Mo. 345; Miller v. Zeigler, 44 W. Va. 484. (3)    The judgment was good enough. The prosecuting witness was liable for the costs. · State ex rel. v. Hodges, 53 Mo. App. 532. The statute, Revised Statutes 1889, section 4558, makes the prosecutor liable in case of discharge or ac-

State ex rel. v. Smith.

quittal. State ex rel. v. Co. Ct., 40 Mo. App. 503; Browne's Appeal, 69 Mo. App. 159; R. S. 1889, sec. 4358. (4) But it is not material in this case whether the judgment was good or not. The justice had jurisdiction of the subject-matter, and the constable was not bound to look to anything but the writ. Brown v. Henderson, 1 Mo. 134; Miller v. Brown, 3 Mo. 127; Burton v. Sweaney, 4 Mo. 1; Davis v. Cooper, 6 Mo. 148; Milburn v. Gilman, 11 Mo. 64; Higdon v. Conway, 12 Mo. 295; Melcher v. Scruggs, 72 Mo. 406; Railroad v. Lowder, 138 Mo. 533. Although the execution be defective in form. Davis v. Wood, 7 Mo. 162. The plaintiff's remedy for a seizure under void or expired process is: Trespass against the officer individually.

SMITH, P. J.—This is an action against a constable and his sureties on the official bond of the former. The breach of the bond assigned by the relator was, in substance, that an execution had been issued by a justice of the peace on a certain judgment dated May 9, 1895, and returnable ninety days thereafter—or on August 7, 1895—and that on August 9, the said justice did, by his indorsement thereon, undertake to renew the same for another like period; that on October 30, the said defendant Smith, to whom said execution was directed and delivered as constable, levied the same on certain property of the defendant therein, who is the relator in this action, and subsequently sold the same, etc. The answer put in issue these allegations of the petition.

The vital issue in the case, as made by the pleadings, was whether or not the justice undertook to renew said execution on August 9, two days after it had become *functus officio*. If the affirmative of this issue was found, it is clear that the defendant constable was armed with no valid writ justifying the seizure and sale of the relator's property, or, in other words,

his acts were in that behalf but those of a trespasser, for which there was liability; and if, on the other hand, the negative of the issue was found, the writ afforded him ample protection for the seizure and sale.

The relator adduced evidence tending to prove that the date of the renewal indorsed on said execution had been changed from August 9 to August 5. The justice's docket, which was introduced in evidence by the relator, showed that said execution had been renewed August 5, 1895. The justice who issued the execution testified, without objection, that he renewed the said writ on August 5, 1895. He further testified that by inadvertence he indorsed the renewal as of August 9 but entered the true date thereof, which was August 5, 1895, on his docket; and that at the time of the second renewal he changed the indorsement of the first renewal from August 9 to August 5, the true date, and the date he had previously entered in his docket. It is, in effect, conceded that the first renewal was made on August 5, while the execution was still alive. Notwithstanding this, the relator insists that since, through the inadvertence of the justice, the date of the renewal as indorsed in the execution was the ninth of August—a wrong date—that that date must be taken as the true date of the renewal.

The statute—section 6306, Revised Statutes—requires the justice issuing the execution at the request of the plaintiff to renew the same from time to time, by his indorsement thereon to that effect, signed by him and dated when made, and also to make an entry of such renewal on his docket. It is thus seen that the indorsement on the execution is not the only evidence of the renewal thereof, but that the entry required to be made in the justice's docket is also evidence of equal probative force of that fact. Can it be said that, although the undisputed evidence shows that the renewal was, in truth and in fact, made on August 5, and although the justice's docket shows that it was renewed on that date, that

the date of the renewal erroneously indorsed on the execution must be taken as conclusive evidence of the date of such renewal, and in that way the execution may be invalidated, and the constable, in acting under it, thereby made a wrong-doer? The statute no more makes the indorsement of the renewal on the execution conclusive, or the only evidence of the date thereof than it does the recital of that fact in the docket entry of the justice. Neither is conclusive of the fact where there is a variance, as here. The indorsement was not the only evidence of the date of the renewal.

Whether the execution was not renewed until the ninth of August, after it was dead, was, under the pleadings, an issue of fact for the triers to determine from all evidence, in which was included the entry in the justice's docket, the testimony of the justice as to the true date of the renewal, as well as the indorsement on the writ, as originally made. Even if the justice was without authority to change the date in the renewal indorsed on the writ, yet, in the view we take of the case, if he had not made such charge the defendants would not have been thereby concluded to show by other equally competent evidence the true date of such renewal, and if it was made during the life of the execution then, of course, neither it nor the levy thereof were void. The view of the law of the case taken by the trial court, as outlined in its instructions, accords with that hereinbefore expressed by us.

The relator further insists that the writ is invalid and did not afford the constable any authority for the action taken by him under it for the reason that the justice issuing it was without the requisite jurisdiction so to do. It appears that the writ was issued on a judgment for costs in a certain mis-demeanor case—an action for common assault. The relator was the prosecutor and the prosecution was dismissed by the state's representative, and the relator, as such prosecutor, was adjudged by the justice to pay the costs of the prosecution. It

was a case where the relator set on foot the prosecution for an assault on his infant son.

Under section 4358, Revised Statutes, the justice in such case was invested with jurisdiction to adjudge the cost against the relator. State ex rel. v. Hodges, 53 Mo. App. 532. And as the justice had jurisdiction of the subject-matter the constable was not required to look beyond the face of the writ. It was not material whether the judgment was or was not good if the justice had jurisdiction of the subject-matter, as he did. The law has long been settled in this state that an execution emanating from a court having jurisdiction will justify an officer in making a levy. State to use v. Shacklett, 37 Mo. 284; Howard v. Clark, 43 Mo. 344; Railway v. Lowder, 138 Mo. 533, and cases cited in defendants' brief.

No error is perceived in the action of the court either in the admission of testimony or in the giving or refusing of instructions that is, in any way, prejudicial to the relator on the merits. The case was fairly tried and the judgment is, as we think, for the right party and will accordingly be affirmed. All concur.