THE STATE OF MISSOURI, Respondent, v. JOHN LEIDY et al., Defendants; WM. CARSON, Appellant.

Kansas City Court of Appeals, December 4, 1905.

CRIMINAL LAW: Costs: Prosecutor: Judgment: Execution. Where on an information filed by the prosecuting attorney on an affidavit of a private citizen the defendants are acquitted and no judgment rendered for the costs, execution will not lie against the prosecuting witness, since the statute contemplates that when such witness is liable for the costs judgment shall be so rendered.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED.

*W. B. Norris* for appellant.

(1) The verification of the information in this cause by William Carson had no meaning in law whatever. He made no complaint as contemplated by section 2749. State v. Sartin, 66 Mo. App. 626. It is therefore apparent that the verification of this information by William Carson added nothing to its validity. (2) Section 2778, Revised Statutes 1899, provides under what conditions a private individual shall be responsible for the costs in a criminal case when the defendant is acquitted. (3) Section 2778 provides "that the justice shall enter on his docket the name of the prosecutor and if the defendant shall be dismissed or acquitted, such prosecutor shall be adjudged to pay the costs." The

record upon which the justice has jurisdiction to adjudge the costs against the prosecutor, must show, first, a complaint verified by affidavit, filed in the case; second, the name of the injured party swearing to the complaint must be entered by the justice upon his docket as prosecutor; third, the justice must enter a judgment adjudging the costs against the party named in his record as prosecutor. (4) Section 2836 provides if upon the trial of any indictment or information, the defendant shall be acquitted of the charge, the prosecutor or prosecuting witness shall be liable to pay the costs, according to law, judgment shall be rendered against said prosecutor for the costs in the case.

*H. B. Pile* for respondent.

(1) Motion to quash the execution was properly overruled; judgment against Carson was not necessary. State v. Hodges, 53 Mo. App. 532. (2) Under the statute and decisions, William Carson was the prosecuting witness for the reason that he verified the information. State v. Louis Bante, 34 Mo. App. 311. Section 2778, Revised Statutes 1899, provides that the name of the prosecutor shall be indorsed on the docket of the justice, but 53 Mo. App. 532 holds that such entry is not necessary. The same section further provides that the prosecutor shall pay the costs not otherwise adjudged. The appellant was liable under the statute, notwithstanding these facts, for all costs not otherwise adjudged. State v. Bante, 34 Mo. App. 311.

ELLISON, J.—The prosecuting attorney of Andrew county filed an information with a justice of the peace against John Leidy, Shell Horn and Charles Thomas for disturbing the peace of William Carson. The information did not purport to be given on the knowledge, information or belief of the prosecuting attorney. It was sworn to by Carson; and the justice entered on his docket that the information was made

by the prosecuting attorney and was "based on the affidavit of said William Carson." The defendants were found guilty in the justice's court, but on appeal they were acquitted. No judgment was rendered for the costs. Afterwards the clerk of the circuit court issued execution against Carson for the costs made in both courts. Carson thereafter filed his motion to quash the execution, which being overruled, he appealed to this court. The points presented here are that there was no judgment for costs in fact entered against Carson; and that there could not be such a judgment rendered for the reason that Carson was not the prosecuting witness.

We find that the record fails to show any finding by the court, directly or indirectly, that Carson was the prosecuting witness. Neither does it show that any judgment was rendered against him. Indeed there is no judgment in the case, not even of discharge of the defendants. The only thing appearing is the verdict of acquittal. In such circumstances we must reverse the judgment.

Reliance is placed by the State on the case of State ex rel. v. Hodges, 53 Mo. App. 532, decided by the St. Louis Court of Appeals. That case was where it was sought to mandamus the prosecuting attorney of Stone county to sign a fee bill against the county for the costs of a prosecution where the defendant was acquitted of an assault and battery. The point decided in that case was that the county was not liable for the costs and therefore the judgment of the Court of Appeals was that mandamus would not lie against the prosecuting attorney to compel him to sign a fee bill putting the costs upon the county. That case did not decide that an execution could be issued against a prosecuting witness for costs without first rendering a judgment. The Revised Statutes of 1899, section 2836, contemplates that when the prosecuting witness is liable for the costs, "judgment shall be rendered against such prosecutor." Reversed. All concur.