Richards v. Heger.

RICHARDS, Appellant, v. HEGER et al., Respondents.

St. Louis Court of Appeals, February 5, 1907.

1. **JUSTICES OF THE PEACE: Change of Venue: Notice.** The posting by the constable of a notice of a change of venue in the office of the justice of the peace to whom the cause was sent, for fifteen days before the day fixed for trial, was sufficient under section 3974, Revised Statutes of 1899, and a judgment by default rendered thereon was valid, where it was shown that the defendant to whom the notice was directed resided out of the State at the time.

2. **TRESPASS ON THE CASE: Levy of Execution.** Where a constable in levying an execution seized a package of money which had just been handed to defendant as it lay upon the counter with the defendant's hands upon it, he was not guilty of trespass; the levy was legal and the execution defendant could not thereafter maintain an action against the constable to recover the money.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Benjamin J. Klene* for appellant.

(1)  The two returns of the constable to the two notices of change of venue, in stating that the defendant in that suit could not be found after true and diligent search, did not warrant service by publication under Revised Statutes 1899, section 3974, and the court failed to obtain jurisdiction over the person of the defendant. Reinhart v. Varney, 72 Mo. App. 646; Fuerst v. Castor, 174 Mo. 294; Rosenberger v. Gibson, 165 Mo. 16; Laney v. Garbee, 105 Mo. 355; Higgins v. Beckwith, 102 Mo. 462; Hendrix v. Hendrix, 103 Mo. App. 40.  (2)  Constructive service is always strictly construed, and everything may be inferred against the officer's return which a departure from the statute will warrant.  Gamasche v. Smythe, 60 Mo. App. 161; Blanton v. Jamison, 3 Mo.

52; Stewart v. Stringer, 41 Mo. 400. (3) That the court erred in directing a verdict for defendants, Jones, Ledwig and Heger and Seiferth, and in sustaining the motion of the defendant Stinebaker for a new trial, is manifest by the following authorities, and for the reasons given, to-wit: Mack v. Marks, 8 Gray 517. See also Field v. Adams, 12 A. & E. 649; Maxham v. Day, 16 Gray 219; 1 Freeman on Executions, sec. 255; Hillman v. Edwards (Texas), 74 S. W. 787.

*Lon O. Hocker* and *W. H. Ludwig* for respondent.

(1) The return of the constable upon the notice of the setting of the cause before Justice Walker was sufficient. If said return was insufficient, it did not render the judgment void, but only at most premature, and is not a subject of collateral attack. Cullen v. Collison, 110 Mo. App. 174. (2) The manner in which the execution was levied did not constitute the officer a trespasser in so making it. Hutchins v. Chambers, 1 Burr 588; State ex rel. v. Dillard, 3 Iredell 102; Green v. Palmer, 15 Cal. 411.

BLAND, P. J.—The action is to recover from Frederick Heger and Edward M. Seiferth, partners, George W. Stinebaker, constable, James C. Jones and William H. Ludwig, attorneys, four hundred and fifty dollars lawful money of the United States, alleged to have been unlawfully and forcibly taken from plaintiff's possession by defendants. In the opinion of the court, the evidence was insufficient to connect defendants, James and Ludwig with the transaction, and a verdict in their favor was directed. In respect to the other defendants, the facts are, Heger and Seiferth brought suit against the plaintiff, Richards, before J. J. Spaulding, justice of the peace, in the city of St. Louis, to recover four hundred and fifty dollars damages caused by an alleged breach

of a contract said to have been entered into by and between Richards, and Heger and Seiferth as partners. The venue of the cause, on the application of Richards, was changed to Justice Walker, who set the case for hearing on May 6, 1902. Richards was not served with notice of the setting of the case and it was continued to May thirteenth for the purpose of giving Richards notice. The notice was not served on Richards personally, but was posted in the justice's office, and, on May thirteenth, Richards not appearing, judgment was rendered against him by default for four hundred and fifty dollars. An execution was issued on the judgment and delivered to Stinebaker, constable, who by virtue of the execution seized and levied upon four hundred and fifty dollars in currency found in the possession of Richards. Plaintiff claims the seizure was void, for the reason the judgment on which the execution was rendered was void, in that it was rendered against him without his knowledge or consent and without any service of notice of the setting of the case by Justice Walker. On May first Justice Walker made out and delivered to the constable a notice to be served on plaintiffs and defendant, that he had set the case for hearing on May sixth. The plaintiffs in the cause acknowledged service of the notice on the day it was issued; as to Richards the following return was made:

"I hereby certify that I have executed the within writ by not finding in the city of St. Louis, after true and diligent search, W. P. Richards, the within named defendant, the — day of ———, 189—, in the city of St. Louis, State of Missouri.

"GEORGE W. STINEBAKER, Constable,
"Per H. G. WESTERHOLT, ————."

On this return the justice continued the case to May thirteenth and made out and delivered to the constable another notice for service on Richards. This notice the constable served by posting it in the justice's

office. Richards testified that during all the month of May, 1902, he was a resident of the State of Illinois. Section 3974, Revised Statutes 1899, provides that a justice of the peace, to whom a cause is sent by change of venue, "shall set the same for trial and cause the parties to be notified thereof, in writing, which notice shall be served on the parties not less than five nor more than fifteen days before the day fixed for such trial. The notice may be served in like manner as an original writ of summons, and if any party does not reside in the county where the suit is pending, the service upon such party may be had by posting such notice in the office of the justice to whom the cause is sent."

1.   The function of the justice, under the statute, is to fix a day for trial and make out and deliver to the constable the written notice required, and it is the constable's duty to serve the notice. It is not the province of the justice to determine whether or no a party to a suit is a resident of the county. This duty devolves upon the constable under the statute and he must determine this fact at his peril. We attach no significance to the fact that the return to the first notice is not dated or officially signed; as it was not served it cuts no figure in the case so far as Richards is concerned. Richards was confessedly a non-resident of the city of St. Louis, and on his own showing that he was a non-resident, the second notice issued by the justice of the peace was properly served by posting it in the office, and Richards, within the meaning of the law, had his day in court and cannot now be heard to complain he was not afforded an opportunity to make his defense to the action; besides, the judgment was not subject to this collateral attack. [Livingston v. Allen, 83 Mo. App. 294; State ex rel. v. Smith, 81 Mo. App. 671.]

2.   It is alleged in the petition that the constable was guilty of a trespass against the person of plaintiff by seizing the money out of his hands. On this branch

of the case, the evidence shows plaintiff had agreed with J. C. Jones and A. E. L. Gardiner, attorney for an insurance company, to receive four hundred and fifty dollars in settlement of a suit he had pending in the circuit court of the city of St. Louis against said company, and, on the day of the levy, plaintiff, Jones and Gardiner went to the clerk's office, as Jones puts it, "to see about the costs in the case," and while there, standing at a counter, Jones tossed four hundred and fifty dollars in currency, bound in a package by a band, to Gardiner and asked him to count it. Gardiner, addressing plaintiff, said: "No, the money is yours, you count it," and threw the package of money on the counter in front of plaintiff. Plaintiff's testimony tends to show that he placed one hand on the package when it was thrown in front of him and was engaged in counting the money by turning up the corners of the bills with the other hand, when Stinebaker, from behind, thrust his hands in between plaintiff's, grabbed the package and said: "I levy on this," and then offered to read the execution to plaintiff. Defendants' evidence tends to show plaintiff did not have his hands on the package of bills when Stinebaker seized it.

The court instructed the jury as follows:    •

"4. The court instructs the jury that an officer of the law, even though clothed with authority to levy upon the property of a defendant named in the writ, has no right by virtue of such writ, to forcibly take from the person and hands of the defendant in such writ any property or money.

"If, therefore, you believe and find from the evidence that the defendant Stinebaker, forcibly and against his will took from the hands of the plaintiff the sum of four hundred and fifty dollars, then you will find a verdict in plaintiff's favor and against the defendant Stinebaker.

"5. The court instructs the jury that if they find

from the evidence that the money seized by the defendant Stinebaker was lying on the table or counter when seized by said Stinebaker and that plaintiff had one hand on said money counting the same, and that said Stinebaker seized said money without violence or force under a levy made under the execution read in evidence, then plaintiff cannot recover and your verdict must be for defendant Stinebaker."

There was a verdict and judgment against Stinebaker and verdict and judgment in favor of Heger and Seiferth. Plaintiff's motion for new trial as to Heger and Seiferth was overruled, and Stinebaker's motion for new trial was sustained. Plaintiff took exceptions to the rulings on both motions and brings the case here by appeal.

In Green v. Palmer, 15 Cal. 411, a bag of gold held in the hands of plaintiff was seized and levied upon by the sheriff after a scuffle between him and plaintiff for its possession. Field, Chief Justice, writing the opinion of the court, at page 418, said: "The coin was contained in a bag, which was held by the plaintiff in his hand, and from its seizure thus situated the plaintiff could not claim any exemption, as he might, perhaps, do in reference to money upon his person. Thus situated, it was like a horse held by its bridle, subject to seizure under execution against its owner."

In Mack v. Parks, 8 Gray (Mass.) 517, plaintiff had a watch on his person. The officer asked to see the watch and when it was handed to him for inspection broke the cord by which it was attached to plaintiff's person. This was adjudged to be an invalid levy, and the officer declared a trespasser *ab initio*. Freeman says: "This case probably establishes in America the doctrine that property upon the person of a defendant cannot be seized under execution. But it would seem, from the California case of Green against Palmer, that this rule does not extend to property which the debtor may be holding

in his hand. The only ground upon which this exemption from levy can be justified is that otherwise the officer would be authorized to commit a trespass upon the person of the defendant, and thereby to provoke a breach of the peace. We are unable to understand why this reason does not apply to a thing held in the defendant's hand, or to a horse on which he is riding, as well as to a watch attached to his neck by a cord." [2 Freeman on Executions (3 Ed.), sec. 255.]

In State v. Dilliard, 3 Ired. (N. C.) 102, it was held a horse on which plaintiff was riding might be levied upon.

The seizure of property attached to the person of a defendant would be a trespass against his person as it would tend to provoke a breach of the peace, but to seize his property found in his possession, not pertaining to his wearing apparel, nor worn or carried on his person for use or as an ornament, would not be an indignity against his person nor, under ordinary circumstances, a trespass. The circumstances of the seizure in question were no more likely to provoke a breach of the peace, and possess no more of the elements of a trespass than an entry by the officer on the premises of the defendant in the execution and seizure there, in his presence, of his personal effects against his will and over his protest. Either act would be a trespass but for the rights and powers with which the officer is clothed by law for the service of writs of execution. He commits a trespass when he seizes and levies upon the defendant's property exempt from execution, or when to make a levy he commits unlawful violence against his person, but to take a bridle rein, by which defendant is leading his horse, from his hand, or a bag of gold, or a package of currency he is holding in his hand, is not committing violence against his person and, in our opinion, is not a trespass. On the plaintiff's own showing, we think he should have been nonsuited, and affirm the judgment. All concur.