THE STATE v. LAVELLE, *Appellant.*

**Costs in Criminal Cases:** MINORS.   A minor filed a complaint before a justice of the peace, charging defendant with disturbing the peace of the family of another, and the trial resulted in a verdict of acquittal; *Held,* under the provisions of the statutes then in force, (2 Wag. Stat., 854, § 12, amended by Acts 1877, p. 281,) that the costs should have been adjudged against the county, on the ground that the informant was not the injured party; but, *Held* further, that if he had been, a judgment against him would not have been obnoxious to objection on the ground of his minority.

*Appeal from Johnson Criminal Court.*—HON. WM. H. H. HILL, Judge.

REVERSED.

*S. P. Sparks* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

PHILIPS, C.—Chas. E. Lavelle, in September, 1879, filed his affidavit in a justice's court, charging one Holt Davis with willfully disturbing the peace of the family of one William Lavelle.   On the trial, before a jury, Davis was acquitted, the jury returning the ordinary verdict of not guilty, without more.   Thereupon the justice proceeded to tax the costs of the case against the informant.   From this action of the justice of the peace, Lavelle appealed to the criminal court of the county.   At the trial term therein, appellant filed petition alleging prejudice of the judge against him, supported by the affidavit of the requisite number of witnesses, and asked for a change of venue. This the court refused.   On the hearing of the appeal before the judge, the prosecution read in evidence the transcript of the justice's docket.   Defendant offered testimony tending to show that he was a minor twenty years and eleven months old, when the costs were assessed against him.   Thereupon the court dismissed the appeal.   After

an ineffectual motion for a new trial and in arrest, defendant brings the case by appeal to this court.

The first error complained of by the appellant, is the refusal of the judge of the criminal court to grant him a change of venue. The form of the petition was sufficient, and it was accompanied with the requisite affidavits of witnesses. If the application was otherwise conformable to the statute, it was the plain duty of the judge to have ordered an election for special judge. He had no discretion in the matter. But the record in this case does not show that the application of defendant was sworn to. It is in form an affidavit, but there is no *jurat* attached to it, nor does it otherwise appear that it was sworn to. For aught that appears from the record before us, the judge refused the application because of this defect.

The real question involved in this appeal is, was the justice of the peace authorized, under the facts of the case, in taxing the costs against the party who made the affidavit? The offense charged was a misdemeanor for disturbing the peace of the family, founded on section 26, chapter 205, General Statutes 1865, amended, (see Laws of Missouri 1870, page 46.) The action taken by the justice is sought to be justified under section 5, Laws of Missouri 1874, page 24, which in effect is the same as section 2096, Revised Statutes 1879 : " Every person who shall institute any prosecution to recover a fine, penalty or forfeiture, shall be adjudged to pay all costs, if the defendant is acquitted, although he may not be entitled to any part of the same." And in support of this view we are referred to *White v. Walker*, 22 Mo. 433. This involved the case of a proceeding against a vagrant, and clearly indicates that the section of the statute above quoted pertains to a special class of prescribed fines, penalties and forfeitures wholly different from the ordinary offenses against public order or public peace denounced in article 7, Wagner's Statutes, page 490.

In 1877, (Laws 1877, p. 281,) the legislature conferred jurisdiction on justices of the peace, concurrent with cir-

cuit courts, in all cases of misdemeanors. The offense in question is alleged to have been committed in September, 1879, and the action of the justice complained of occurred on the 9th day of September, 1879. The statute of 1879 is, therefore, not applicable, as appellant's counsel seems to assume it was. But the case rests on the provisions of chapter 83, 2 Wagner's Statutes, as amended by the act of 1877, *supra*. The only provision of this chapter, (2 Wag. Stat., 854, § 12,) touching this matter is section 12: "Where proceedings are commenced under the provisions of this chapter, on the information or complaint of the injured party, his name shall be entered by the justice on his docket as prosecutor, and if the defendant shall be discharged or acquitted, shall be adjudged to pay costs. In other cases of discharge or acquittal the costs shall be paid by the county." It is to be observed that it is only in cases where "the injured party" becomes the informer or complainant that "his name shall be entered by the justice on his docket as prosecutor," and become thereby liable "to pay costs." If the misdemeanor was committed against A by assault, battery or affray, or by disturbing the peace of his family, and he should lodge the information or complaint he would be "the injured party," and in case of discharge or acquittal, would be liable for the costs. The affidavit filed by the appellant, Chas. E. Lavelle, in this case, alleged an offense, not against himself, but against "the family of one William Lavelle." William Lavelle or his family is "the injured party," and not Charles Lavelle. It was, therefore, in my opinion, a case of acquittal where "the costs shall be paid by the county."

In view of the conclusion thus reached, it is not essential to discuss the question raised by appellant's counsel, that the informer being at the time a minor was not amenable to a judgment for costs. But it is not unimportant to add, that, in my opinion, the objection is not tenable. This is not a judgment arising on contract; but it is in the

nature of a penalty imposed by the criminal code, for ill-advised petty prosecutions, as well as of a means of protection to the community against burdens of taxation unnecessarily created. The statute makes no exception in favor of the improvidence of youth.

The criminal court erred in dismissing the appeal. Its judgment is, therefore, reversed and the cause remanded to be proceeded in conformably to this opinion. All concur.