State v. Raymond.

---

STATE OF MISSOURI, Respondent, v. HAZEL RAYMOND, Appellant.

Kansas City Court of Appeals, February 4, 1901.

1. **Criminal Law:** BAWDY HOUSE: INDICTMENT: NAMES. An indictment, under section 2197, Revised Statutes 1899, for keeping a bawdy house, is sufficient if it charges the offense to have been committed in the county where the prosecution is commenced, and the names of inmates do not have to be stated nor the name of the prosecutor indorsed thereon.

---

State v. Raymond.

---

2. **Criminal Procedure:** INDICTMENT: ORE TENUS OBJEC-
TION.  The sufficiency of an indictment can not be questioned by an
*ore tenus* objection to the introduction of evidence.

Appeal from the Bates Circuit Court.—*Hon. W. W. Graves,*
Judge.

AFFIRMED.

*J. F. Smith* for appellant submitted argument.

*Edward C. Crow* and *Sam B. Jeffries* for respondent.

(1) At the beginning of the trial of this cause, defend-
ant objected to the introduction of any evidence, because there
was no sufficient indictment, which objection was overruled
and excepted to.  It is sufficient that the indictment charges
the offense to have been committed in the county in which it is
sought to be prosecuted for the crime.  R. S. 1889, sec. 3986;
State v. Burns, 48 Mo. 438; State v. Daugherty, 106 Mo. 182.
(2) It is not necessary that the indictment set out the names
of those who live in the bawdy house, and no prosecutor need
be indorsed upon or in an indictment for keeping a bawdy
house.  State v. Bregard, 76 Mo. 322; State v. Bean, 21 Mo.
269.  (3) Insufficiency of the indictment can not be raised
by objection to the introduction of testimony in the cause.
State v. Meyers, 99 Mo. 107; State v. Duncan, 116 Mo. 296;
State v. Risley, 72 Mo. 609.

SMITH, P. J.—The indictment in this case was based on
section 3811, Revised Statutes 1889 (section 2197, Revised
Statutes 1899), and is as follows:

State v. Raymond.

Indictment.

"State of Missouri, ⎫
                    ⎬ ss.
County of Bates.    ⎭

In the Circuit Court, February Term, 1899.

"The grand jurors for the state of Missouri, summoned from the body of the county of Bates, duly impaneled, charged and sworn, upon their oath, present that one Hazel Raymond, late of the county of Bates and state aforesaid, on the twenty-eighth day of September, 1898, and from said date continuously, until the eighteenth day of February, 1898, at the county of Bates and state of Missouri, did then and there unlawfully keep and maintain a bawdy house, commonly called a house of ill fame, by then and there keeping and suffering to remain therein for the purpose of prostitution and lewdness, divers lewd women and men, whose names are to these jurors unknown, and by then and there suffering and permitting divers other lewd and dissolute men and women to resort to said house and come together therein for the purpose of illicit sexual intercourse, and there to remain whoring against the peace and dignity of the state.

"And the grand jurors aforesaid, upon their oath aforesaid, do further present, that on the thirtieth day of January, 1899, at the county of Bates and state of Missouri, the said Hazel Raymond, did then and there unlawfully set up and keep a common bawdy house, against the peace and dignity of the state.          H. C. Clark, Prosecuting Attorney."

There was a trial resulting in a conviction and defendant appealed.

The first ground of the defendant's appeal is that the indictment is inexplicit and fails to apprise her of the charge she was required to meet so as to enable her to prepare her

defense—that it fails to charge the locality where the crime was committed so as to bar a second prosecution. The indictment is sufficient. State v. Bregard, 76 Mo. 322; State v. Lewis, 5 Mo. App. 465. It has been held in this State that it is sufficient that the indictment charges the offense to have been committed in the county where the prosecution is commenced. State v. Burns, 48 Mo. 438; State v. Daugherty, 106 Mo. 182.

It is not required that the indictment under said section 3811 set forth the names of those who live in the bawdy house, nor that the name of a prosecutor be indorsed thereon. State v. Bean, 21 Mo. 259; State v. Bregard, ante.

Nor can the defendant question the sufficiency of the indictment by objecting *ore tenus* to the introduction of any evidence as was sought to be done by the defendant in this case. Such an objection goes for naught. State v. Risley, 72 Mo. 609; State v. Meyers, 99 Mo. 107; State v. Duncan, 116 Mo. 296.

The testimony adduced was ample to prove the crime charged in the indictment. We are unable to discover that the defendant was prejudiced by any ruling of the trial court, and as the conviction seems to have been entirely proper the judgment must be affirmed. All concur.