For the reasons stated, the judgment is reversed and the cause remanded. All concur.

STATE OF MISSOURI, Appellant, v. ANNIE L. NEWMAN, Respondent.

Springfield Court of Appeals, December 5, 1910.

1. **CRIMINAL LAW: Indictment: Keeping House of Assignation: Alleging Location of House.** An indictment charging that defendant, "at the county of Butler, State of Missouri, on or about the 21st day of January, 1909, did then and there unlawfully set up and keep a common house of assignation against the peace and dignity of the state," was held not subject to the objection that it did not particularly set out the location of the house; it being sufficient if the indictment charges the offense to have been committed in the county where the prosecution was commenced.

2. ———: ———: **Statutory Offense.** The general rule is that it is sufficient in an indictment, charging the commission of an offense created by statute, to follow the language of the statute.

3. ———: ———: ———: **Use of "or" and "and."** Where a criminal statute used disjunctive language in defining an offense, an indictment under it may be drawn in the conjunctive.

4. ———: ———: ———: ———: **Keeping Bawdy House.** Where the statute (section 2197, R. S. 1899), provides that "every person who shall set up or keep a common . . . bawdy house," etc., it is sufficient if the indictment alleges that the defendant "did unlawfully set up and keep a common bawdy house."

5. ———: ———: **Minor Offenses.** The same nicety is not required in drawing indictments in cases of minor offenses, as is required in charging common law felonies.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard*, Judge.

REVERSED AND REMANDED.

*Ernest A. Green,* Prosecuting Attorney, for appellant.

The court erred in sustaining the defendant's motion to quash the indictment herein, as said indictment sufficiently informs the defendant of the offense with which she was charged. R. S. 1899, sec. 2197; State v. Bregard, 76 Mo. 322; State v. Raymond, 86 Mo. App. 537; Sherwood's Commentaries on Criminal Law, 668.

*Abington & Phillips* for respondent.

NIXON, P. J.—On January 23, 1909, an indictment was returned by the grand jury of Butler county, charging that defendant, Annie L. Newman, "at the county of Butler, State of Missouri, on or about the 21st day of January, 1909, did then and there unlawfully set up and keep a common house of assignation, against the peace and dignity of the state."

Defendant filed a motion to quash the indictment, specifying the following reasons: (1) Because said indictment does not state facts sufficient to charge the defendant with any offense under the laws of the State of Missouri. (2) Because said indictment is too vague, indefinite and uncertain for defendant to prepare her defense against the same. (3) Because there is no such statement of facts in said indictment as would render a judgment in this action a bar to another. (4) Because the location of the house of "common assignation," alleged to have been set up and run by the defendant is not set out and described with sufficient particularity.

This motion was sustained. After taking the proper steps, the state was allowed an appeal to this court.

The specific ground of objection that respondent relied on was that the indictment was indefinite because it did not particularly set out the location of the house of assignation. The general rule is that it is sufficient in an indictment charging the commission of an offense created by statute to follow the language of the statute, and this indictment fully complies with that requirement. In the case of State v. Raymond, 86 Mo. App. 537, an indictment based on the same statute as that on which the indictment in the present case rests, charged that the defendant on a certain date "at the county of Bates and State of Missouri, did then and there unlawfully keep and maintain a bawdy house," etc., with no more particular description of the location of the "bawdy house." The court said: "It has been held in this state that it is sufficient that the indictment charges the offense to have been committed in the county where the prosecution is commenced."

The statute under which this prosecution was commenced (sec. 2197, R. S. 1899) provides that "every person who shall set up *or* keep a common . . . bawdy house or brothel or house of assignation, shall, on conviction," etc. In the case of State v. Bregard, 76 Mo. 322, the indictment charged that the defendant on, etc., at, etc., "did unlawfully set up *and* keep a common bawdy house." It was held that as the indictment followed the language of the statute it was sufficient. The substitution of the word "and" for the word "or" was immaterial, said the court, referring to the case of State v. Pittman, 76 Mo. 56, in which it is held that where a criminal statute used disjunctive language in defining an offense, an indictment under it may be drawn in the conjunctive. And, as we held in the case of State v. Seiberling, 143 Mo. App. 1. c. 321, 127 S. W. 106, the same nicety is not required in drawing indictments in cases of minor offenses as is required in charging common law felonies. From

what has been said it is apparent that the judgment of the trial court must be reversed and the cause remanded, and it is so ordered. All concur.