STATE OF MISSOURI, Respondent, v. NETTIE FLICK, Defendant; OTTO DRUM et al., Appellants.

Kansas City Court of Appeals, November 11, 1912.

BAWDY HOUSE: Costs: Prosecuting Witnesses. In a prosecution by information filed by the prosecuting attorney on the written affidavit of several complainants, for keeping a bawdy house, of which charge the defendant was acquitted, the complainants are not liable for costs as prosecuting witnesses.

Appeal from Cole Circuit Court.—*Hon. John M. Williams,* Judge.

State v. Flick.

REVERSED AND REMANDED.

*Irwin & Peters* for appellants.

*No Brief* for respondent.

ELLISON, J.—Defendant was charged in an information filed by the prosecuting attorney of Cole county, with keeping a bawdyhouse. The information was filed by the prosecutor upon the complaint of a number of citizens who had filed their affidavit with the clerk of the circuit court. Defendant was found not guilty, whereupon the court rendered judgment against complainants for the costs. There was a motion to retax which being refused, the complainants appealed.

It is provided in section 5095, R. S. 1909, that no indictment for trespass not amounting to a felony, except for petit larceny, or for libel or slander, shall be preferred unless endorsed by the name of the prosecutor. Section 5057 makes the terms and restrictions as to endorsement of witnesses in cases of indictment, applicable to an information. And so does section 5063; and it makes the prosecuting witness, in such cases, liable for the costs if the prosecution fails. A prosecution for keeping a bawdyhouse is not one of the offenses where the prosecuting witness must be endorsed on the indictment, and hence he does not become liable for costs. [State v. Bean, 21 Mo. 267; State v. Raymond, 86 Mo. App. 537.]

Section 5380 provides that every person who shall institute a prosecution to recover a fine, penalty or forfeiture, shall be adjudged to pay the costs if the defendant is acquitted. This section does not apply to a public offense such as keeping a bawdyhouse. [State v. Lavelle, 78 Mo. 104; State v. Huiatt, 31 Mo. App. 302.]

The costs should not be taxed against the appellants, and the judgment is reversed and cause remanded that they may be retaxed. All concur.