STATE of Missouri, Respondent,

v.

Clarence Edwards REYNOLDS, Appellant.

No. 7273.

Springfield Court of Appeals.

Missouri.

Jan. 3, 1955.

E. C. Hamlin, Springfield, for appellant.

Douglas W. Greene, Pros. Atty., Springfield, for respondent.

McDOWELL, Presiding Judge.

Appellant, hereinafter referred to as defendant, was convicted by a jury in the Circuit Court of Greene County, Missouri, on a charge of careless and reckless driving and his punishment fixed at six months in the county jail and fine of $250. He appealed.

The information charged: "Douglas W. Greene, Prosecuting Attorney within and for the County of Greene, in the State of Missouri, informs the court that Clarence Edwards Reynolds, on the 24th day of February, A.D., 1953, at the said County of Greene, did then and there wilfully, unlawfully drive and operate a motor vehicle, to-wit: a 1950 Buick Coach on the public highway of Greene County, Missouri, in a careless, reckless and imprudent manner so as to endanger the life, limb and property of others contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

The only question presented on appeal is the sufficiency of the information to charge an offense.

Chapter 304, RSMo 1949, V.A.M.S., deals with traffic and equipment regulations. This chapter exclusively controls the use of the public highway and the regulation of operators and drivers of motor vehicles. It is composed of sections 304.010 to 304.570, inclusive.

Section 304.010, under which the State bases its information, reads as follows:

"Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person, * * *."

Section 304.570 provides: "Any person who violates any of the provisions of this

chapter for which no specific punishment is provided, upon conviction thereof, shall be punished by a fine of not less than five dollars nor more than five hundred dollars or by imprisonment in the county jail for a term not exceeding two years, or by both such fine and imprisonment."

In State v. Ball, Mo.App., 171 S.W.2d 787, 792, this law is stated:

■ "The primary rule for the construction of statutes is to ascertain the law makers' intention from the words used in the statute. Wallace v. Woods, 340 Mo. 452, 102 S.W.2d 91." State v. Schwartzmann Service, 225 Mo.App. 577, 40 S.W.2d 479.

It is the contention of the State that the information charges an offense in substantially the words of the statute.

In State v. Maher, 232 Mo.App. 998, 124 S.W.2d 679, 682, this court stated the law as follows:

■ " * * * The indictment should state facts which constitute the offense with reasonable certainty so that the defendant may know what he is to answer. He should not have to guess at what he is to defend against or speculate as to the meaning of the allegations in the charge, and this is true in prosecutions for misdemeanors as well as for felonies. The averments should be so clear and distinct and set forth with such precision and fullness that there could be no difficulty in determining what evidence would be admissible under them, and so that the court and jury may know what they are to try, of what they are to acquit or convict the defendant, and so that the record may show, as far as may be, of what the defendant has been put in jeopardy. State v. Krueger, 134 Mo. 262, 35 S.W. 604; State v. Griffith, 311 Mo. 630, 279 S.W. 135; State v. James, 37 Mo.App., 214; State v. McGrath, 228 Mo. 413, 128 S.W. 966. * * *

■ "As a general rule it is sufficient to frame the indictment in the words of the statute. State v. Newman, 152 Mo.App. 144, 132 S.W. 753; State v. Ferris, 322 Mo. 1, 16 S.W.2d 96; State v. Settle, 329 Mo. 782, 46 S.W.2d 882. This is true only where the statute describes the entire offense by setting out the facts constituting it. * * * As stated by Judge Sherwood in the case of State v. Terry, 109 Mo. 601, 19 S.W. 206, 209, 'Following the general language of the statute will answer only in those instances where all the facts which constitute the offense are set forth in the statute itself, which declares or announces or creates the offense.' "

Section 545.030 RSMo 1949, V.A.M.S., provides:

"2. Provided, that nothing herein shall be so construed as to render valid any indictment which does not fully inform the defendant of the offense of which he stands charged."

Rule 24 of the Supreme Court, 42 V.A.M.S., provides:

Rule 24.01. "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

Rule 24.03. "When an indictment or information alleges the essential facts constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to prepare his defense, the court may direct or permit the filing of a bill of particulars. * * *"

Rule 24.11. "No * * * information shall be deemed invalid, * * * when there is sufficient matter alleged to indicate the crime and person charged or for want of the averment of any matter not necessary to be proved; * * * Provided, *that nothing herein shall be so construed as to render valid any indictment or information which does not fully inform the defendant of the offense of which he stands charged."* (Italics ours.)

The State cites State v. Ball, supra, to support its contention that the information

is substantially in the words of the statute. We think this case conclusively shows that the State has failed to state a charge. It passes upon the identical statute that is before the court. On page 791 of 171 S.W. 2d it sets out section 8383, R.S.Mo.1939, which is now section 304.010 RSMo 1949, V.A.M.S., and section 8385, R.S.Mo.1939, which is section 304.020 RSMo 1949, V.A.M.S. This section, entitled "Rules of the road and traffic regulations" provides that every person operating or driving a vehicle upon the highways of this state shall observe and comply with the following rules of the road. It then sets out 13 specific requirements of an operator or driver of a motor vehicle using the highway. First, he must keep his car as near the right-hand side of the road as practicable; shall turn to the right of the center of the highway so as to pass without interference; reduce his speed when rounding curves and keep his car to the right of the highway; shall pass on the left when overtaking another car; shall keep his car to the right of the center of an intersection when turning thereat and when turning to the left shall run beyond the center of such intersection before turning to the left; and a number of other requirements. None of these sections of the chapter referred to provide a penalty, therefore, they are controlled by the last section of the chapter, section 304.570, which provides that any person who violates any of the provisions of this chapter upon conviction shall be fined as provided in the section. The court, on page 792 of 171 S.W.2d, stated the law thus:

"Such charges of 'careless' and 'imprudent' operation of his car on the part of defendant, coupled with the allegation of the facts as to the manner of such careless and imprudent operation, charged conduct which was obviously contrary to and in violation of the statute, Section 8383, supra, and it constitutes a penal offense when considered in connection with the allegations of violation of Section 8385(b), supra. Punishment for said unlawful conduct is not provided for elsewhere in the laws governing motor vehicles, and, therefore, it comes within Section 8404(d), * * *." (Italics ours.)

In the light of this holding the information in the case at bar fails to state a charge. It merely states that defendant "unlawfully operated his automobile in a careless, reckless and imprudent manner so as to endanger the life, limb and property of others" contrary to the form of the statute. This allegation fails to state in what manner or way defendant violated the rules of the road as provided in the chapter of the statute under which this action was brought. It, in no way, informs defendant of the charge he is to defend against. It does not contain a plain, concise and definite written statement of the essential facts constituting the offense charged as required by Supreme Court Rule No. 24.

We do not agree with the State that merely stating the driver unlawfully operated his car in a careless and imprudent manner is good because it follows the wording of the statute. We have set out the rule followed by the courts in this state that it is sufficient to frame an information in the words of the statute where the statute describes the entire offense by setting out the facts constituting it. Certainly, the words used by the State in the information before us do not describe the offense charged as was held in State v. Ball, supra, cited by the State. If the information had said that defendant operated his car in a careless and imprudent manner in that he was driving at a high rate of speed or was operating it on the wrong side of the road or that he was failing to keep it as near the right-hand side of the road as practicable or any of the other requirements of the statute, and, by so doing, he endangered the property of another or the life or limb of any person, the information would have charged an offense under the law. As the information stands it merely pleads conclusions of law.

Judgment of the trial court is reversed and defendant ordered discharged.

STONE and RUARK, JJ., concur.