The STATE of Missouri (Plaintiff), Appellant,

v.

Sylvester McCLOUD (Defendant), Respondent.

No. 29863.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

178

Lon J. Levvis, Pros. Atty., Mexico, for appellant.

Van Matre & Van Matre, Mexico, for respondent.

JOHN C. CASEY, Special Judge.

This is an appeal from an order of the Circuit Court of Audrain County, sustaining defendant's motion to dismiss an information charging careless, reckless and unlawful operation of a motor vehicle.

The information was originally filed December 4, 1956, in the Magistrate Court of Audrain County, but on application for a change of venue was sent to the Circuit Court. The information was in the following language:

"Information: Careless & Reckless Driving of Motor Vehicle While Drinking.

"Joseph M. Bone, Prosecuting Attorney within and for the County of Audrain, State of Missouri, upon his official oath and upon his information and belief informs the Court that at and in the County of Audrain and the State of Missouri, on or about the 18th day of November, 1956, one Sylvester McCloud then and there wrongfully, wilfully and unlawfully did drive and operate a motor vehicle, to-wit: a 1949 Ford Coupe automobile, upon, along and over a public highway in Audrain

County, State of Missouri, to-wit: United States Highway No. 54, in a careless, reckless and imprudent manner and at rates of speed so as to endanger the property and life and limbs of other persons upon said highway and by then and there driving said motor vehicle at a rate of speed which was not careful or prudent considering the time of day, the amount of vehicular traffic upon said highway, the condition of said highway and the relation with respect to intersecting highways and by then and there driving said motor vehicle at rates of speed of 60 to 65 miles per hour, *and by then and there driving said motor vehicle while having been drinking intoxicating liquor to the extent that he did not then and there have said motor vehicle under control while in operation*; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state." (Emphasis supplied.)

Defendant filed a motion to strike the italicized words in such information. On April 18, 1957, after argument and submission, such motion to strike was sustained by the trial court. On the same day, defendant's motion to dismiss was presented, argued and submitted. The record shows, "Court finds information is insufficient and Motion to Dismiss is sustained." On motion, the state was granted leave to appeal.

The state's notice of appeal, omitting caption and signature, reads:

"On this 25th day of April, 1957, notice hereby is given that the plaintiff named above appeals to the St. Louis Court of Appeals *from the ruling and order adjudging that the information in this action is insufficient*, which adjudication was entered in this action on April 18, 1957." (Emphasis supplied.)

The first point urged by the state is that Section 304.010 RSMo 1949, V.A.M.S., hereinafter quoted, is a criminal statute, and that at the time of the offense charged such statute applied to all careless acts and omissions in the operation of a motor vehicle on the highways of this state. With this we agree. Section 304.570 provides the punishment for the violation of "any of the provisions of this chapter" including Section 304.110. This has been held to be a criminal statute. State v. Ball, Mo.App., 171 S.W.2d 787.

■ The next point urged by the state is, "The Court erred in sustaining the defendant's motion to strike out a part of the information." There is no statutory right of appeal from such an order. Sections 547.200 and 547.210 RSMo 1949, V. A.M.S., provide:

"547.200. Appeal by state

"The state, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in section 547.210."

"547.210. Indictment or information insufficient, defendant held—state may appeal

"When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, * * * if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal."

The Rules of Criminal Procedure adopted by the Supreme Court of Missouri, 42 V.A.M.S., in recognition of the statutory limitation on the state's right of appeal, provide:

"28.04. Appeal by State. The state shall be entitled to take an appeal in the following cases and in no others:

"(a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient;

"(b) when a judgment is arrested or set aside."

■ Since no appeal from an order sustaining a motion to strike a part of an information is provided by law, and since the state, in its "Notice of Appeal", did not even refer to such order sustaining the motion to strike, the point must be ruled against appellant. We will hereinafter consider the pleadings as though the italicized words were not contained in the information.

■ In its brief the state points out that "The general charge in this information is to be treated as merged with the specific charges." While such a statement might be correct in many instances, the general charges of wrongfully, wilfully and unlawfully driving an automobile in a "careless, reckless and imprudent manner" contained in the information, must be held insufficient as statements of mere conclusions of law, unless the specific charges are stated with legal sufficiency. We will treat this point with the principal point presented on this appeal, viz., the state's contention that, "The information in this case is sufficient, and the Court erred in holding it to be insufficient and in sustaining the defendant's motion to dismiss the information."

The pertinent parts of Section 304.010 RSMo 1949, V.A.M.S. upon which the state based its information, reads:

"304.010. Manner of operation of motor vehicles.

"Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person, provided that a rate of speed in excess of twenty-five miles an hour for a distance of one-half mile shall be considered as evidence, presumptive but not conclusive, of driving at a rate of speed which is not careful and prudent, but the burden of proof shall continue to be on the prosecution to show by competent evidence that at the time and place charged the operator was driving at a rate of speed which was not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the highway and the location with reference to intersecting highways, curves, residences or schools; provided, however, that no person shall operate a solid tire commercial motor vehicle * *; and provided further, that no person shall operate a motor vehicle equipped with iron or other metal tires at a greater rate of speed than six miles per hour."

Article I, Section 18(a) of the Missouri Constitution V.A.M.S., provides:

"18(a). Rights of accused in criminal prosecutions

"That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; *to demand the nature and cause of the accusation;* * * *" (Emphasis supplied.)

Chapter 543, RSMo 1949, V.A.M.S., regulating proceedings before magistrate courts in misdemeanors, under which this action was filed, provides:

"543.020. Prosecution for misdemeanor by information.

"Prosecutions before magistrates for misdemeanors shall be by information, *which shall set forth the offense in plain and concise language,* * * *". (Emphasis supplied.)

Our Supreme Court Rules provide:

"24.01—Indictment or Information —Form and Signature. The indictment or the information shall be *a plain, concise and definite written statement of the essential facts* constituting the offense charged. * * *"

"24.11—Indictment or Information —Omissions, Misstatements or Other Defects. No indictment or information shall be deemed invalid, * * * twelfth, for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged or for want of the averment of any matter not necessary to be proved; * * * Provided, that nothing herein shall be so construed as to render valid any indictment or information which does not *fully inform the defendant of the offense of which he stands charged."* (Emphasis supplied.)

In the case of State v. Reynolds, Mo. App., 274 S.W.2d 514, loc. cit. 515, in which the Springfield Court of Appeals considered the sufficiency of an information charging careless driving, based upon Section 304.010, it was stated:

"It is the contention of the State that the information charges an offense in subsantially the words of the statute.

"In State v. Maher, 232 Mo.App., 998, 124 S.W.2d 679, 682, this court stated the law as follows:

" '(2) * * * The indictment should state facts which constitute the offense with reasonable certainty so that the defendant may know what he is to answer. He should not have to guess at what he is to defend against or speculate as to the meaning of the allegations in the charge, and this is true in prosecutions for misdemeanors as well as for felonies. The averments should be so clear and distinct and set forth with such precision and fullness that there could be no difficulty in determining what evidence would be admissible under them, and so that the court and jury may know what they are to try, of what they are to acquit or convict the defendant, and so that the record may show, as

far as may be, of what the defendant has been put in jeopardy. State v. Krueger, 134 Mo. 262, 35 S.W. 604; State v. Griffith, 311 Mo. 630, 279 S.W. 135; State v. James, 37 Mo.App. 214; State v. McGrath, 228 Mo. 413, 128 S.W. 966. * * *' "

In order to decide whether the trial court erred in sustaining the motion to dismiss, it is necessary to determine whether the instant information, (1) properly advised the defendant of the nature and cause of the accusation against him, (2) consisted of a plain, concise and definite written statement of the essential facts constituting the offense charged, (3) stated facts which constituted the offense with reasonable certainty so that the defendant should not have to guess at what he is to defend against nor speculate as to the meaning of the allegations in the charge, (4) made the averments so clear and distinct and set forth with such precision and fullness that there could be no difficulty in determining what evidence would be admissible under them.

■ Applying these criteria to the information in the instant case, did the trial court properly dismiss the information? Defendant is charged here with driving his automobile on "United States Highway No. 54, in a careless, reckless and imprudent manner." To that point the information merely pleads a conclusion of law. State v. Reynolds, Mo.App., 274 S.W.2d 514, 516. Following that averment, and in the conjunctive, the information alleges "and at rates of speed so as to endanger the property and life and limbs of other persons upon said highway." That phrase, pleaded in the conjunctive, is no more than a conclusion of law, and does not constitute a plain statement of the essential facts constituting the offense charged. To this point the information has not met the established criteria.

The information thereafter avers "and by then and there driving said motor vehicle at a rate of speed which was not careful

or prudent considering the time of day, the amount of vehicular traffic upon said highway, the condition of said highway and the relation with respect to intersecting highways. * * *"

However, defendant is not advised by the information whether the "time of day" is during the hours of daylight or nocturnal darkness. Defendant is not advised and must guess whether the state will attempt to prove that there was very little or a great deal of vehicular traffic on the highway.

Defendant is not advised whether the state contends that "the condition of said highway" was good, bad or indifferent. For all that appears in the information the condition of the highway where the offense is alleged to have taken place could have been a wide, level, straight, divided super highway. Conversely, for all that appears, the highway might have been a narrow, winding two-way traffic, downhill stretch of roadway. Defendant is left to speculate whether the state might contend that the road was covered with snow, ice, oil or other slippery substances making traction and steering difficult. Evidence of such conditions might well have been introduced under the general averment, "considering * * * the condition of said highway."

The information charges defendant with driving said motor vehicle at a rate of speed which was not careful or prudent considering "the relation with respect to intersecting highways * * *". He is not advised whether the offense is alleged to have occurred at an intersection, or within a hundred feet, a quarter-mile or five miles from any intersecting highways. The information does not advise defendant whether he is charged with such offense at an unprotected grade crossing or at an intersection protected by electric signals, or by two way or four way stop signs.

Continuing in the conjunctive, the information charges "and by then and there driving said motor vehicle at rates of speed of 60 to 65 miles per hour". The only statutory speed restrictions expressed in miles per hour in effect on the date of the charged offense, November 18, 1956, pertained to motor vehicles operated at "a rate of speed of twenty-five miles an hour for a distance of one-half mile * * *", to solid tire commercial motor vehicles and to motor vehicles equipped with metal tires. The information does not state the distance defendant is charged with driving his automobile at the alleged speed of 60 to 65 miles per hour and hence fails to charge a violation of the one-half mile speed restriction. It is not alleged in the information that the "1949 Ford Coupe automobile" was either a "solid tire commercial motor vehicle" nor one "equipped with iron or other metal tires". We must conclude that the phrase "by then and there driving said motor vehicle at rates of speed of 60 to 65 miles per hour" was not a sufficient allegation of fact to hold defendant criminally responsible under the law, since on the date of the alleged offense, the operation of an automobile at such rate of speed was not, per se, violative of any statutory speed restriction.

Applying the criteria imposed by the constitutional provisions, the statutes, Supreme Court rules and the decisions heretofore quoted, we must hold that the trial court did not err in finding the information insufficient and sustaining defendant's motion to dismiss.

The judgment is, accordingly, affirmed.

RUDDY, P. J., and ANDERSON, J., concur.