STATE of Missouri, Respondent,

v.

Michael Sewell BYRNE, Appellant.

No. 58386.

Supreme Court of Missouri,
En Banc.

Dec. 10, 1973.

Rehearing Denied Jan. 14, 1974.

**694**

George H. Mitchell, Pros. Atty., Johnson County, Warrensburg, John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

J. Kirk Rahm, Hensley & Rahm, Warrensburg, for appellant.

HENLEY, Judge.

Defendant, Michael Sewell Byrne, was charged by complaint[1] with careless driving of a motor vehicle on a public highway by overtaking and striking another vehicle in the rear end, a misdemeanor.

§ 304.010.[2] He was found guilty in a trial before a Magistrate and appealed to the circuit court of Johnson county. Trial in that court without a jury resulted in conviction and a judgment imposing a fine of $25, from which defendant appealed to the Missouri Court of Appeals, Kansas City District. The court of appeals reversed and remanded, holding that the complaint failed to allege facts sufficient to inform defendant of the offense with which he is charged in that it failed to allege

"* * * in what manner [defendant] drove carelessly, or wherein he failed to exercise the highest degree of care." The case was ordered transferred to this court when one of the participating judges, joined by another, dissented from the majority opinion and certified that he deemed that opinion to be contrary to previous decisions of all districts of the court of appeals. Mo.Const. Art. V, § 10, V.A.M.S. We decide the case the same as though the original appeal had been direct to this court, and affirm.

Rule 24.01, in pertinent part, is as follows: "The * * * information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In traffic cases involving misdemeanors in magistrate court the complaint or information shall be substantially in the form provided in Rule 37.1162.

In State v. Todd, 477 S.W.2d 725, 728 [3–6] (Mo.App.1972), the court said: "The test of the sufficiency of the information is whether it is (1) in writing, and (2) understandably states the essential facts constituting the offense charged. State v. Tevis, Mo.App., 340 S.W.2d 415, 419. The same strictness of pleading is

---

1. The complaint is in the form of and is known as a "Uniform Traffic Ticket" as set out in Rule 37.1162, Rules of Missouri Supreme Court, V.A.M.R., the use of which is authorized by Rule 37.46. See also Rule 37.01 making Rules 37.46 to 37.50 applicable to traffic cases in magistrate courts. The Uniform Traffic Ticket is so designed that by filling in blanks, indicating applicable words by check-marking small squares, and by a brief description of the traffic violation, a peace officer can easily cause it to state the essential facts of the offense charged and inform the defendant specifically what he must defend against.

2. References to statutes are to RSMo 1969 and V.A.M.S.

not required in informations charging misdemeanors as in those charging felonies. State v. McNail, Mo.App., 389 S.W.2d 214. It is not sufficient in cases involving careless and imprudent driving merely to state a conclusion that the defendant operated his motor vehicle in a careless and imprudent manner. *City of Raytown v. Roach*, Mo.App., 360 S.W.2d 741; *State v. Reynolds*, Mo.App., 274 S.W.2d 514. When, however, the information indicates the facts and the manner in which the defendant operated his automobile carelessly and imprudently, the information is sufficient to inform the defendant of the 'nature and cause of the accusation.' *State v. Richards*, Mo.App., 429 S.W.2d 351; *State v. McNail, supra.*"

■ The complaint in this case is substantially in the form provided in Rule 37.–1162. Defendant does not contend that it is not. The complaint alleges: "The undersigned peace officer complains and states that on or about 8–18–71 at 1:00 p. m., at or near U. S. 50 & Rt. M, within the county [of Johnson] and state [of Missouri] * * * Michael Sewell Byrne * * * did lawfully operate [a] 68 Chev. Van * * * and then and there did commit the following offense to-wit: * * * careless driving * * * [of] failure to exercise [the] highest degree of care * * * by overtaking [another] vehicle [traveling in the] same direction [on a] 4-lane divided highway and striking [it] in the rear end in violation of sec. 304.017 * * *."

The complaint states more than the conclusion that defendant operated his motor vehicle in a careless manner; it states the facts and the manner in which he operated his vehicle carelessly, i. e., by overtaking and striking another vehicle in the rear end. This is sufficient to inform defendant of the nature of the offense with which he is charged. *State v. Todd*, supra; *State v. Cipolla*, 437 S.W.2d 162 [1–4] (Mo.App.1968); *State v. Richards*, supra; *State v. McNail*, supra.

■ Defendant asserts that he was not charged with violation of the traffic laws under § 304.010, but was charged under § 304.017 specifically mentioned in the complaint. Mention of a statute number in the complaint is not conclusive as to the offense charged and may be, and is, treated as surplusage. *Bullington v. State*, 459 S. W.2d 334, 341–342 [8] (Mo.1970).

■ Defendant contends also that the evidence is insufficient to support his conviction. The evidence, viewed most favorable to the judgment, is that defendant was driving his vehicle eastbound on U. S. Highway 50, a four-lane divided highway. The paved surface was 24 feet wide, and there was a ten-foot shoulder on the south or right-hand side of the two lanes for eastbound traffic. The accident occurred at a point 400 to 500 feet east of the intersection of Highway 50 and Route M, and in the right lane, next to the shoulder. The vehicle defendant collided with had been traveling north on Route M. It first stopped at a stop sign and then entered Highway 50. As it did so, it turned right (east) and moved 400 to 500 feet in that direction in the right-hand lane before the collision. The damage to defendant's vehicle was to the entire front end; damage to the other vehicle was to its entire rear end. No other vehicles were on the two eastbound lanes. There were no obstructions to the view of an eastbound driver from a point a "quarter and a half" mile west of the intersection. Defendant claimed he was traveling 60 miles per hour, and the other driver 20 miles per hour. There were 25 feet of skid marks running east-west at the point of impact. The evidence is sufficient to support the conviction.

■ Defendant challenges the constitutionality of § 304.010, contending that it denies him due process of law in that it is so vague, uncertain and broad that one cannot determine the acts it seeks to prohibit. This point was not presented at the first available opportunity. It was not raised at any stage of the proceedings in

either the magistrate court or the circuit court. It was raised for the first time on appeal in defendant's reply brief filed in the court of appeals. The point was not properly preserved for review and may not be considered. State v. Brookshire, 325 S. W.2d 497, 500 [3–7] (Mo.1959).

The judgment is affirmed.

DONNELLY, C. J., and MORGAN, HOLMAN and FINCH, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I respectfully dissent and adopt the principal opinion of the Missouri Court of Appeals, Kansas City District, authored by Pritchard, J., as follows:

"Appellant was charged under a Missouri Uniform Traffic Ticket with a traffic violation in these words: 'Careless driving— Failure to exercise highest degree of care —By overtaking and striking another in the rear.' In a lower box on the form there appeared: 'In violation of Sec. 304.- 017 as revised or amended.' Trial was to the court which found 'Defendant guilty of careless and imprudent driving beyond a reasonable doubt.' After motion for new trial was overruled, the court sentenced appellant to pay a $25.00 fine and costs.

"Sec. 304.017 by its terms expressly excludes trucks (those designated in section 304.044) from its application. Appellant was driving a van at the time of the incident, and the state says in its brief that the charge was not brought under Sec. 304.017, but was under Sec. 304.010. The reference to Sec. 304.017 may be treated as surplusage. See Bullington v. State, 459 S.W.2d 334, 341 [8] (Mo.1970).

"The dispositive issue is then whether the information here, as contained in the traffic ticket, charged any offense under Sec. 304.010. The *generic* words of that statute are these: '1. Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.' There are no *facts* here alleged to show in what manner appellant drove carelessly, or wherein he failed to exercise the highest degree of care. The precise question was ruled in State v. Reynolds, 274 S.W.2d 514 (Mo.App.1955) when the information merely alleged that the defendant operated a motor vehicle 'in a careless, reckless and imprudent manner so as to endanger the life, limb and property of others * * *.' The state contended that the information was good, because it followed the words of the statute (as here argued). The court rejected the argument by saying that the general rule that it 'is sufficient to frame the indictment in the words of the statute' is true only where the statute describes the entire offense by setting out the facts constituting it. (Loc. cit. 274 S.W.2d 515 [3]). Unless the essential facts constituting the offense of careless and reckless driving are stated with reasonable certainty, the information is insufficient. State v. McCloud, 313 S.W.2d 177 (Mo.App.1958); State v. Richardson, 343 S.W.2d 51, 55 [9, 10] (Mo.1961); and compare City of Raytown v. Roach, 360 S. W.2d 741, 743 [5] (Mo.App.1962); and State v. McNail, 389 S.W.2d 214, 217 [4–6] (Mo.App.1965), where it was said, 'Informations comparable to this one have been the subject of critical discussion. (Citing cases.) This criticism is based upon the general rule of criminal pleading that an information charging a statutory crime may be couched in the language of the statute, if the statute itself sets forth the constituent elements of the offense; but if the statute merely defines the crime in generic terms, then the constituent facts must

be pleaded in enough detail to advise the defendant specifically what he must defend against (citing cases and authority).'

"The Missouri Uniform Traffic Ticket in this case must be held, under the foregoing authority and Rule 37.19, to be insufficient. The state, however, contends that appellant should have moved for a bill of particulars. He did move to dismiss the information and charge upon grounds that the charge stated was so indefinite and uncertain that he could not defend against it and it does not state a violation of the law of this state. The motion was overruled. Rule 37.20, and comparable Rule 24.03, provide: 'When an information or complaint alleges *the essential facts* constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, the court may direct or permit the filing of a bill of particulars. * * *.' (Emphasis added.) Rule 37.28 specifies certain omissions shall not cause the information or complaint to be invalid, but none of these omissions relate to *the essential facts* necessary to constitute the offense; and Rule 37.28 winds up, 'Provided, that nothing herein shall be so construed as to render valid any information or complaint which does not fully inform the defendant of the offense of which he stands charged.' In State v. Kesterson, 403 S.W.2d 606, 611 (Mo.1966), the court said, 'It is true that failure of the indictment or information to give all desired details may be waived by failure to request a bill of particulars. (Citing cases and authority.) However, when the omissions in the indictment or information are of such fundamental character as to make it wholly insufficient and invalid, as we have held the information herein to be, such insufficiency is not waived by failure to raise the question at the early stages.' See also 41 Am.Jur.2d Indictments and Informations, Sec. 299, p. 1065, 'Waiver of Defects, Errors, and Irregularities.' It follows, that since the information here was so defective in its lack of allegations of essential facts, that appel-

lant was not required to file a bill of particulars. 'Failure to allege a constituent element of an offense affects the substantial rights of the defendant, and such a failure is not cured by the statute of jeofails, Sec. 545.030, V.A.M.S. and Criminal Rule 24.11, V.A.M.R.' State v. Cantrell, 403 S.W.2d 647, 650 [7–11], (Mo.1966)."

To the foregoing, I would add that the information here, in my opinion, merely advises the defendant of an end result, to wit: striking another car in the rear, and does not advise defendant of the manner in which it is claimed he carelessly and imprudently *drove* the car. The allegation of *overtaking* does not, in my opinion, add anything of substance to the charge because in order to strike another car moving in the same direction it is, of course, necessary to overtake it. While this pleading would be sufficient in a civil case under the rear-end collision doctrine, I do not believe that it sufficiently advises the defendant in a criminal case of the specific proscribed criminal act that he is called upon to defend against.

For these reasons I dissent.